122 So.2d 602

Ex parte Charles Clarence HAMILTON.

In re Charles Clarence HAMILTON

v.

STATE of Alabama.

6 Div. 604.

Supreme Court of Alabama.

Aug. 15, 1960.

Orzell Billingsley, Jr., and Peter A. Hall, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Charles Clarence Hamilton was convicted in the Circuit Court of Jefferson County of the offense of breaking and entering an inhabited dwelling in the nighttime with intent to ravish. § 85, Title 14, Code 1940. We affirmed. Hamilton v. State, Ala., 116 So.2d 906.[1] Writ of certiorari was denied by the Supreme Court of the United States on June 27, 1960. Hamilton v. State of Alabama, 80 S.Ct. 1638, 4 L.Ed.2d 1737.

Hamilton has filed in this court a petition for leave to file an application for writ of error coram nobis in the Circuit Court of Jefferson County. Such is the proper procedure in view of the fact that

1. 270 Ala. 184.

the judgment of the Circuit Court of Jefferson County was affirmed here. Taylor v. State of Alabama, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935; Ex parte Williams, 268 Ala. 535, 108 So.2d 454, and cases cited.

In the petition presently before us, Hamilton asserts that the judgment under which he is being held is void in that his rights under "the laws and Constitution of the State of Alabama and the Fourteenth Amendment to the Constitution of the United States of America" were violated in that he was not represented by counsel at the time he was arraigned and pleaded not guilty to the indictment upon which he was tried and convicted.

The petition, including the exhibits, the affidavit in support of the petition, the State's answer and affidavits supporting it show these circumstances:

Hamilton was first indicted on November 9, 1956. The indictment contained one count which charged burglary of an inhabited dwelling in the nighttime with intent to steal. He was arraigned on that indictment on January 4, 1957. He pleaded not guilty. He was represented by court-appointed counsel at arraignment when the plea was entered.

A second indictment against Hamilton was returned on February 12, 1957. It contained two counts. One count charged burglary of an inhabited dwelling in the nighttime with intent to steal. The other count charged burglary of an inhabited dwelling in the nighttime with intent to ravish.

Both indictments related to the same incident, that is, to the breaking and entering of the inhabited dwelling of one Jacob C. Milko during the early hours of October 13, 1956.

The lawyer who had been appointed to defend Hamilton against the first indictment was advised by the State's prosecutor that the second indictment had been returned and that Hamilton would be "re-arraigned" and the case set for trial.

Hamilton was arraigned on the second indictment on March 1,.1957. He pleaded not guilty. Neither the lawyer who had been appointed to defend him against the first indictment nor any other lawyer appeared on his behalf at arraignment. The court did not appoint a lawyer to defend him against the second indictment until March 4, 1957, when the same lawyer was appointed who had been appointed to defend him against the first indictment.

Hamilton was brought to trial on the second indictment on April 23, 1957, when a jury found him guilty under the second count of the indictment and inflicted the death penalty. The first indictment was "nolle prossed" on April 24, 1957.

We hold that it is made to appear in this proceeding that Hamilton was not represented by counsel at the time he was arraigned on the indictment on which he was subsequently tried and convicted. We are not here controlled by the minute and judgment entries, as was the situation on appeal from the judgment of conviction. Hamilton v. State, 270 Ala. 184, 116 So.2d 906.

Section 318, Title 15, Code 1940, as amended, provides in pertinent parts as follows: "When any person indicted for a capital offense is without counsel and the trial judge, after due investigation, is satisfied that the defendant is unable to employ counsel, the court must appoint counsel for him not exceeding two, who must be allowed access to him, if confined, at all reasonable hours, * * *." We think this section places upon the trial court the responsibility of seeing that an accused indicted for a capital offense has a lawyer before he is arraigned and called upon to plead to the indictment. We have found no Alabama case expressly so holding, but this has been the almost uniform practice of the circuit courts of this state for many years and the very purpose of the statute seems to dictate such action.

In Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the Supreme Court of the United States held that in a capital case, where the defendant is unable

to employ counsel, and is incapable of adequately making his own defense because of ignorance, feeble-mindedness, illiteracy or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law; and that such duty is not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. See Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77; Tomkins v. State of Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407.

The right to counsel is not a right confined to representation during a trial on the merits. Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167.

Hamilton should have been represented by counsel at the time of his arraignment. We construe the petition and the papers filed in support and in opposition thereof to show, as we have indicated above, that he was not so represented.

■ But does that showing, standing alone, afford prima facie just ground for us to authorize the filing in the lower court of the application for writ of error coram nobis? See Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, where we defined the standards to guide us in determining whether a petition for application to file a writ of error coram nobis in the trial court should be granted here. See also Taylor v. State of Alabama, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935.

We think not and answer the question in the negative.

In a number of Federal Cases where the defendants were entitled to the benefit of counsel, it has been held that there was no abridgment of the right to counsel where the defendant was arraigned before counsel was appointed to represent him and the defendant pleaded not guilty. Even where the defendant pleaded guilty on arraignment the failure to appoint counsel has been said not to have been prejudicial where counsel was appointed immediately after arraignment and full opportunity was given to withdraw the plea or to take whatever steps were necessary or desirable without regard to what previously transpired. Council v. Clemmer, 85 U.S.App.D.C. 74, 177 F.2d 22, and cases cited; Young v. United States, 8 Cir., 228 F.2d 693.

The same rule seems to apply to those states where provision is made for appointment of counsel to represent defendants charged with non-capital offenses.

In Canizio v. People of State of New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545, the Supreme Court of the United States treated the record before it as showing that Canizio was without counsel when he was arraigned and pleaded guilty in a New York court, and that the trial court failed to inform him of his right to counsel, but held that this defect was cured by his being represented by counsel before and at sentence. It was observed by the court:

"The attorney could have moved to withdraw the plea of guilty and the County Court of Kings County would have had the power to set aside the plea and let the petitioner stand trial. * * * Petitioner's counsel probably thought it undesirable to do so, because this move might have jeopardized his chances for securing a low sentence. * * * At any rate, whatever the reason petitioner's counsel did not move to withdraw the guilty plea. All of this demonstrated to the statisfaction of the court below even though petitioner may not have had counsel at the beginning, he had counsel in ample time to take advantage of every defense which would have been available to him originally. We think the record shows that petitioner actually had the benefit of counsel. When that counsel took over petitioner's defense he could have raised the question of a defect in the earlier part of the proceedings. Failing to do so when the statute afforded him the opportunity, we cannot say that the court denied petitioner the right to

have a trial with the benefit of counsel." 327 U.S. 85–86, 66 S.Ct. 453, 454.

See Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962; People v. Dolac, 3 A.D.2d 351, 160 N.Y.S.2d 911; Chandler v. State, 226 Ind. 648, 83 N.E.2d 189; State ex rel. May v. Swenson, 242 Minn. 570, 65 N.W.2d 657. Also see Quicksall v. People of State of Michigan, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188.

The rule of the cases which we have cited and quoted from above seems to apply to state capital cases as well.

In the opinion in People v. Moore, 405 Ill. 220, 89 N.E.2d 731, 732, decided by the Supreme Court of Illinois in 1950, it is shown that Moore was indicted for murder. The opinion does not show that murder was a capital offense in Illinois, but the law of that state so provided. Moore was convicted of murder and was sentenced to serve sixty years in prison. He appealed to the Supreme Court of Illinois, claiming that "his rights under *the statute* and under section I of the fourteenth amendment to the Federal constitution, and sections 2 and 9 of article II of the Illinois constitution, Smith-Hurd Stats., were violated and because the court did not inquire as to whether he was able to employ counsel and did not appoint counsel to represent him prior to and during his arraignment." (Emphasis supplied) The opinion does not show which provision of law the court had reference to in simply using the words "the statute." However, it seems reasonable to assume that the court was referring to those provisions of the law of Illinois which required the appointment of counsel to represent defendants charged with capital offenses. In affirming the judgment of conviction, the Illinois Supreme Court said:

"The indictment consisted of two counts, each charging murder. Plaintiff in error was arraigned May 4, 1934, and was furnished with a copy of the indictment, together with a list of witnesses and jurors, at which time he pleaded not guilty. Three days later he appeared in court with counsel and on his motion the cause was continued. The record shows he was represented by counsel at each stage of the proceedings except at his arraignment when he pleaded not guilty. He was tried by the court after having waived a trial by jury.

"It will be noted that when plaintiff in error was arraigned he pleaded not guilty, so he was not prejudiced in any way if he did not have counsel at the time. In every other step of the proceeding he was shown to be represented by counsel. We find no error in the record before us and the judgment is accordingly affirmed."

The Supreme Court of the United States declined to review the opinion and judgment of the Supreme Court of Illinois. Moore v. People of State of Illinois, 339 U.S. 924, 70 S.Ct. 614, 94 L.Ed. 1346.

It appears from the opinion prepared by Judge Barshay for the Kings County Court of New York in the case of People v. Matera, 132 N.Y.S.2d 117, 118, that Matera was convicted on June 18, 1931, of the crime of murder in the first degree and was sentenced to death. On his application for executive clemency, the death sentence was commuted to life imprisonment by Governor Franklin D. Roosevelt. Many years later Matera filed his application in the nature of a writ of error coram nobis to vacate and set aside the judgment of conviction. Among the grounds upon which Matera relied was the contention " * * * that on his arraignment on this indictment he was neither represented by counsel nor was he advised of his right of counsel; that he pleaded 'Not Guilty', * * *." Matera's motion or application for writ of error coram nobis was denied. Such action of the court was based in part on the holding of the Supreme Court of the United States in Canizio v. People of State of New York, supra.

The case in point is that of State v. Sullivan, decided by the United States Circuit

Court of Appeals for the 10th Circuit in 1955. 227 F.2d 511. The Supreme Court of the United States declined to review the opinion and judgment of the Circuit Court. Braasch v. State of Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844.

Verne A. Braasch and Melvin A. Sullivan were tried in a Utah state court upon the charge of murder. They were found guilty and sentenced to death. The judgment was affirmed. State v. Braasch, 119 Utah 450, 29 P.2d 289, and certiorari was denied by the Supreme Court of the United States, 342 U.S. 910, 72 S.Ct. 304, 96 L.Ed. 681. Thereafter, they filed in the Supreme Court of Utah a pleading in which they sought a writ of habeas corpus. The writ was disallowed. On the next day Braasch and Sullivan instituted in a United States District Court in the State of Utah a habeas corpus proceeding wherein they alleged that their detention for execution was illegal and void because their rights under the Constitution of the United States had been violated. An amended complaint was subsequently filed. A motion was made to dismiss the habeas corpus proceedings for the reason that the amended complaint contained grounds of attack upon the judgment of the state court which had not been submitted to the state courts of Utah. The United States District Court after a hearing determined that certain grounds of the attack contained in the amended complaint had not been submitted to the state courts and that the submission of such issues to the state courts was an essential preliminary to the right to resort to habeas corpus in the United States court. Instead of dismissing the habeas corpus proceeding, however, the United States District Court retained jurisdiction thereof and gave Braasch and Sullivan time within which to institute in the state court an appropriate proceeding for the determination of such issues. Ex parte Sullivan, D.C., 107 F.Supp. 514. A proceeding of habeas corpus was then filed in the Supreme Court of Utah, which was denied. Ex parte Sullivan, 123 Utah 28, 253 P.2d 378. Certiorari was denied by the Supreme Court of the United States. Braasch v. State of Utah, 346 U.S. 861, 74 S.Ct. 75, 98 L.Ed. 373.

Thereafter the United States District Court, having retained jurisdiction of the habeas corpus proceedings, granted the writ of habeas corpus. In Matter of Application of Sullivan and Braasch, D.C., 126 F.Supp. 564. The United States District Court predicated its action in granting the writ upon multiple grounds, one of which was a failure to furnish the petitioners counsel at the time of their arraignment upon the murder charge.

The State of Utah appealed to the United States Court of Appeals for the 10th Circuit. In an opinion by Judge Bratton reversing the District Court, it was said in part as follows:

"The trial court rested in part the granting of its writ upon the failure to furnish petitioners counsel at the time of their arraignment upon the criminal charge. Petitioners did not have counsel at the time they were arraigned and entered their pleas of not guilty in the district court. But immediately thereafter, separate counsel were appointed for them, respectively. At no time after the appointment of counsel was any effort made to withdraw such pleas in order to attack the charge, or for any other purpose. And there is a complete failure of any showing that at any juncture of the criminal case were the petitioners denied any substantive or procedural right which might have been available to them except for such pleas. Petitioners did not suffer any proscription or disadvantage at any point in the criminal case arising out of their pleas of not guilty, entered without the aid of counsel. And, while it is the general rule frequently reiterated that an accused is entitled to the benefit of counsel at every step of the proceeding, where one enters a plea of not guilty and is immediately thereafter furnished counsel for the

preparation for trial, for the trial itself, and for the post-trial proceedings, the sentence imposed is not void for violating due process under the Fourteenth Amendment or for impingement of fundamental rights. Council v. Clemmer, supra [177 F.2d 22]." 227 F.2d 511, 514.

As we have indicated, Hamilton seeks our authorization to file an application for writ of error coram nobis in the trial court by simply showing that he was without counsel at time of arraignment. There is no showing or effort to show that Hamilton was disadvantaged in any way by the absence of counsel when he interposed his plea of not guilty. Counsel was appointed for him three days after arraignment whose competence is not questioned and who asserts in an affidavit filed in this proceeding that "he would not have entered any different plea than the plea that was entered by the defendant on March 1, 1957." There is no suggestion that the not guilty plea interposed at the arraignment in absence of counsel prevented the filing of any other plea or motion.

In our opinion written on the appeal from the judgment of conviction (Hamilton v. State, Ala., 116 So.2d 906[1]), we did not intend to convey the impression that we entertained the view that absence of counsel at the time of arrignment in and of itself would vitiate the judgment of conviction. We simply did not take issue with the assertions made by counsel for Hamilton in that regard because the minute and judgment entries showed that Hamilton was represented by counsel at arraignment.

We are, of course, not unmindful of the severity of the punishment in this case, but we cannot say that a prima facie case for the filing of a petition for writ of error coram nobis has been made. We must, therefore, deny the petition.

Petition denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

