168 So.2d 29

**Ex parte Zackriah RICHARDS.**

**4 Div. 521.**

Court of Appeals of Alabama.

Oct. 6, 1964.

Zackriah Richards, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Application for leave to seek writ of error coram nobis to review three second degree burglary convictions. The appeals came here on the record proper and show attendance of counsel at arraignment, trial, sentencing and counsel for defendant show as endorsed addresses of a copy of the notice of appeal.

The petition refers to a confession made prior to preliminary examination. Neither McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, nor Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, are Fourteenth Amendment cases.

The right to counsel in criminal trials is by Constitution 1901, § 6, and is implemented by statute.[1]

Richards avers he was denied the right to contact counsel until only a few days before trial. However, he does not aver that this deprived him of a fair trial. Moreover, the records filed here fail to show that his

---

1. Code 1940, T. 41, § 223, reads: "No officer or person having the custody and control of the body or liberty of any person under arrest, shall refuse permission to such arrested person to communicate with his friends or with an attorney, nor subject any person under arrest to any form of personal violence, intimidation, indignity, or threats for the purpose of extorting from such person incriminating statements or a confession. Any person violating the provisions of this section shall be guilty of a misdemeanor."

lawyers asked for a continuance because of their not having time to prepare the case for trial.

The State's motion to dismiss is well taken because the allegations, had they been sworn to, are mere conclusions.

Application dismissed.