188 So.2d 520

**Roy CRAWFORD**

**v.**

**STATE of Alabama.**

**6 Div. 289.**

Supreme Court of Alabama.

June 16, 1966.

Roy Crawford, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant petitioned the circuit court of Cullman County for a writ of error coram nobis to set aside a judgment of that court rendered on September 20, 1937, adjudging him guilty of robbery and sentencing him to imprisonment for 75 years. After an oral hearing on the petition, the circuit court rendered a judgment denying the petition. This appeal is from that judgment. See: Ex. parte Wilson, 275 Ala. 439, 440 (2), 155 So.2d 611; Ex parte Keene, 275 Ala. 197, 153 So.2d 631.

Court-appointed counsel represented appellant on the hearing in the circuit court. By an instrument signed by him and filed in this court, he has waived the appointment of counsel to represent him on this appeal. Because of his indigency, he was furnished a free transcript.

The trial court, in denying the petition, made comprehensive findings of fact and also, as a prelude to its judgment, stated its conclusions with respect to appellant's contentions. These findings and conclusions are supported by the evidence. As to appellant's contentions and the trial court's conclusions, it is stated:

"The Court lists the contentions of petitioner, and, upon the consideration of the evidence in support thereof, concludes as follows:

"1. [Contention] That he was unconstitutionally convicted; hence, the Court was without jurisdiction to proceed to trial, enter judgment and impose sentence.

"[Conclusion] The Court finds the petitioner was constitutionally convicted, the Court had jurisdiction and the judgment entry and sentence imposed were in proper form; hence, these allegations are not true.

"2. That he was denied ample time in which to prepare his defense in that counsel came to him for the first time only a few minutes before trial.

"The Court finds that petitioner had from December 10, 1936, to September 20, 1937, to prepare his defense and his father, Mr. I. S. Crawford, was in constant conference with Honorable Finis St. John, Sr., during this period, preparing his case, and, hence, this allegation is untrue.

"3. That he was denied the right to counsel at arraignment and was denied arraignment.

"This Court finds proper arraignment from the evidence and a correct minute

entry of arraignment and that petitioner was in open Court with his attorney of record, Honorable Finis E. St. John, Sr. There is even an agreement of record between the Solicitor waiving capital punishment and the attorney waiving a special venire, and, so, these allegations in the petition are not true.

"4. That his counsel was inadequate and ineffective.

"This Court, from the evidence and from personal knowledge, finds that Honorable Finis E. St. John was one of the most able defense attorneys available in 1937, always bent upon full and complete representation of the interest of each client, and certainly, in this regard, he represented petitioner extremely well, even getting an agreed sentence and a waiver of capital punishment, and, hence, these assertions are baseless and untrue.

"5. That petitioner was denied the undivided assistance of counsel in that his counsel was counsel for the Tennessee Valley Bank, and, hence, there was a conflict of interest.

"The Court finds from the evidence that petitioner's counsel never represented the bank in any matter but was of record as attorney for clients whose interests were adverse to the bank, and, hence again, this allegation is not true.

"6. That he was not tried by jury.

"The Court finds as fact from the evidence that a jury was empaneled with Honorable John D. Gibson, foreman, and found the defendant guilty as charged in the indictment, and fixed his punishment at 75 years in the penitentiary, all reflected in the bench notes and minute entry. One juror on the venire called in petitioner's case, Mr. Roy Kaple, was qualified and stricken because he employed petitioner's brother. Again, this allegation is not supported by any evidence and is not true.

"7. That his sentence of 75 years was harsh and oppressive.

"The Court does not find any fact of record supporting this allegation but finds the sentence, from all the circumstances, to be reasonable and proper; hence, this allegation is untrue.

"8. That petitioner is innocent and had a valid defense.

"The Court finds from the evidence no fact of innocence or of a valid defense. On the contrary, this record is replete with evidence that petitioner committed the crime of robbery and there was no defense shown in any way. This record further clearly shows the petitioner pleaded guilty knowing what his sentence would be as set by the jury. These allegations again are fabricated by conclusion and are certainly not true."

We agree with these conclusions and hold that the judgment denying the petition is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.