194 So.2d 834

**George W. HOWARD**

**v.**

**STATE of Alabama.**

**4 Div. 272.**

Supreme Court of Alabama.

Jan. 26, 1967.

C. Neal Pope, Phenix City, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

LAWSON, Justice.

Appellant, on April 26, 1966, petitioned the Circuit Court of Russell County for a writ of error coram nobis to set aside a judgment of that court rendered on April 23, 1956, adjudging him guilty of murder in the second degree and sentencing him to imprisonment for ninety-nine years. After an oral hearing on the petition, the Circuit Court rendered a judgment denying the petition. This appeal is from that judgment. See Crawford v. State, 279 Ala. 559, 188 So.2d 520, and cases cited.

Court-appointed counsel represented appellant at the coram nobis hearing in the circuit court. The same lawyers were appointed to represent him on this appeal. A free transcript of the proceedings below was ordered furnished to the appellant and it is before us. One of the lawyers so appointed has filed a brief in this court on behalf of the appellant.

The appellant, in his petition for writ of error coram nobis, based his right to relief on averments to the effect that his conviction of murder in the second degree, in 1956, came about solely because of the incompetency of the lawyer who represented him on that trial. This seems to be a common practice in proceedings of this kind.

We will not delineate all of the charges which appellant directed against his lawyer, whom we judicially know to be competent and experienced, because the evidence adduced at the trial here under review justifies a consideration of only one of the charges.

In his petition appellant alleged, in part, as follows:

"4. He was induced through fraudulent representation to him on the part of his trial lawyer to change his intended plea of not guilty to guilty.

"5. He was further duped, and coerced by the collusion of the Judges office and his Court appointed Attorneys to abandon his not guilty plea and plead guilty, resulting in the abandonment of a valid defense which could have been constructed and presented to the Court in behalf of defendant so charged with a capital offense."

At the coram nobis hearing appellant did not seek to prove those averments. Instead he testified, in substance, that he did not plead guilty; that a plea of guilty to murder in the second degree was interposed by his lawyer without his knowledge or consent; that he did not become aware that such a plea had been entered until after the murder trial was over; that the then trial judge did not inform him as to the effect of such a plea or explain to him the "consequences and possible sentence" that could be imposed under such a plea.

The only other witness called on behalf of appellant was Judge James H. Caldwell, who was the judge of the Circuit Court of Russell County at the time of the trial of the coram nobis proceeding. Judge Caldwell had been the Circuit Solicitor at the time of the murder trial in 1956. Consequently he recused himself from the trial of the coram nobis proceeding and an outstanding lawyer of many years' experience was named to conduct that trial.

On direct examination Judge Caldwell testified that as a circuit solicitor he had prosecuted appellant on the murder trial. He was then asked the following questions and gave the following answers:

"Q. Do you recall a plea of not guilty being changed to a plea of guilty in this court?

"A. A not guilty plea was entered at the time of arraignment. At the time of trial the not guilty plea remained as to

the count charging first degree murder, and a plea of guilty was entered to a charge of second degree murder during the trial itself.

"Q. When the jury retired in this case the plea of guilty was standing before the jury at the time of retirement?

"A. On the charge of second degree murder, yes, sir.

"Q. Do you recall the circumstances surrounding the entering of the plea of guilty?

"A. As best I recall that, this was the leadoff case on that day. Mr. [Pelham] Ferrell represented the defendant, and I believe Mr. Ferrell perhaps approached me about the possibility of entering a plea, because I do remember that I talked to the prosecuting witness—one of the prosecuting witnesses in the three cases, that would be the wife of the defendant [sic]—and told her what I intended to do, that is, accept the plea of guilty to the charge of second degree murder. I do remember that, and I did not do that until the morning of the trial. I believe Mr. Ferrell approached me by changing his plea, at least insofar as entering a plea of guilty to the second degree murder charge."

On cross-examination of Judge Caldwell it was shown that on the murder trial the State offered the testimony of two witnesses, a doctor and the wife of the deceased. A jury was impaneled and sworn and the two witnesses were examined before the jury. The appellant's lawyer, Hon. Pelham Ferrell, was with the appellant "at all times during that trial."

The State called no witnesses. It did offer in evidence as its Exhibit No. 1 certain judgment entries, the material parts of which read as follows:

"The Defendant being present in open court, and attended by his counsel, on arraignment interposes his plea of not guilty to the offense charged in the indictment against him. * * *

* * * * * *

"This cause coming on to be heard, comes the State by its Solicitor and comes also the Defendant in his own proper person, and defended by his Counsel, and the Defendant interposes his plea of not guilty. Issue being joined, thereupon came a jury of twelve good and lawful men: H. S. Hester and 11 others, who, having first been duly sworn, and impanelled according to law, and having heard all of the evidence offered upon the trial of this cause, both for the State and the Defendant, and the charge of the Court, do on their oath say: 'We the jury find the defendant guilty of murder in the second degree and fix his punishment at 99 years imprisonment in the penitentiary. This April 23, 1956. H. S. Hester, Foreman.

"And upon this the 23 day of April, 1956, the Defendant, George W. Howard, being now in open court, and attended by his counsel, in response to an inquiry propounded in open court by the presiding judge, if he had anything to say why the sentence of the court should not be pronounced upon him, says nothing, bar or preclusion thereof. It is therefore considered by the Court, and it is the judgment of the court, that the Defendant, George W. Howard, is guilty of the offense of murder in the second degree in form and manner as charged in the indictment and it is the judgment of this court and the sentence of this court that the said George W. Howard, be imprisoned in the penitentiary of the State of Alabama for a period of 99 years."

We are confronted with the fact that the judgment entered on the murder trial shows that only a plea of not guilty was interposed to the murder indictment and we have said that a judgment entry speaks absolute verity (Ex parte McDermott, 224 Ala. 684, 141 So. 659) and controls where there is a conflict in the record.—Keeton v. State,

ante p. 140, 190 So.2d 694, and cases cited. See Hamilton v. State, 270 Ala. 184, 116 So. 2d 906.

In the *Hamilton* Case just cited a minute entry showed that Hamilton, who had been indicted for the offense of burglary in the first degree, was represented by counsel at arraignment. On appeal to this court from a judgment of conviction counsel who then represented Hamilton sought to show that the minute entry was incorrect insofar as it recited that Hamilton was represented by counsel at arraignment. It was contended that the trial judge's bench notes showed that Hamilton was arraigned before counsel was appointed to represent him. We rejected that contention, saying:

"A minute entry constitutes the final record of a judgment. It cannot, in a court of record, be impeached by the judge's bench notes or memoranda, which operate only as a direction to the clerk as to what judgment and orders shall be entered on the court's records. * * *" (270 Ala. 188, 116 So.2d at 909)

Hamilton's conviction was affirmed.

After the Supreme Court of the United States declined to review our opinion and judgment in Hamilton v. State, supra (363 U.S. 852, 80 S.Ct. 1638, 4 L.Ed.2d 1737), Hamilton filed in this court a petition for leave to file an application for writ of error coram nobis in the Circuit Court of Jefferson County. We denied the petition. —Ex parte Hamilton, 271 Ala. 88, 122 So.2d 602. But we did not accord "absolute verity" to the minute or judgment entry which showed that Hamilton was represented by counsel at the time of arraignment. In that connection we said:

"We hold that it is made to appear in this proceeding that Hamilton was not represented by counsel at the time he was arraigned on the indictment on which he was subsequently tried and convicted. We are not here controlled by the minute and judgment entries, as was the situation on appeal from the

judgment of conviction. Hamilton v. State, 270 Ala. 184, 116 So.2d 906." (271 Ala. 89, 122 So.2d 603)

No authority was cited in support of that holding, but we believe it to be correct. In Ex parte Hamilton, supra, as in this case, the petitioner in the post-conviction proceeding asserted the violation of a right guaranteed to him by the Constitution of the United States.

While some federal courts seem to have held to the contrary, others have held that in federal habeas corpus proceedings the federal courts are not necessarily bound by the finality which a state court may accord its judgments.—Bradley v. Smyth, 4 Cir., 255 F.2d 45; Crabtree v. Boles, D.C., 229 F.Supp. 427. See Daniel v. United States of America, 107 U.S.App.D.C. 110, 274 F.2d 768.

■ Of course, in a case of this kind, there is a presumption of reliability which attaches to the recital in a judgment entry and we do not think that ordinarily that presumption can be overcome by the mere statement of a petitioner that the judgment entry is incorrect.

But in this case, in addition to the testimony of the appellant, the petitioner below, we are confronted with the testimony of Judge Caldwell which, as shown above, is to the effect that appellant's lawyer interposed on behalf of appellant a plea of guilty to the charge of murder in the second degree. There was no oral testimony to the contrary.

■ We hold, therefore, that the presumption of reliability which usually attaches to the recital in a judgment entry in a case of this kind was overcome and we construe the record before us as showing that a plea of guilty to murder in the second degree was interposed by appellant's lawyer and that the judgment entry insofar as it tends to show that the only plea interposed was that of "not guilty" is incorrect.

An accused's plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards.—United States v. Tateo, D.C., 214 F.Supp. 560; Busby v. Holman, 5 Cir., 356 F.2d 75; Cooper v. Holman, 5 Cir., 356 F.2d 82.

Under the circumstances of this case, we are unwilling to say that the trial judge was required to find that the plea of guilty to the offense of murder in the second degree was interposed by appellant's lawyer without appellant's knowledge and consent. True, his testimony to that effect is uncontradicted, but it was not substantiated by the testimony of any other witness. Judge Caldwell neither affirmed nor denied appellant's testimony to the effect that the plea of guilty was interposed without appellant's knowledge and consent. The appellant himself signed the petition for the writ of error coram nobis and, as we have shown, it contains averments which are to the effect that the appellant knew that the plea of guilty to murder in the second degree was interposed by his lawyer. True, there are averments to the effect that the change of the plea of not guilty to that of guilty was induced through fraudulent representations made to him by his lawyer and as a result of coercion on the part of the trial judge and his lawyer. But no effort was made to substantiate those allegations.

The conflict between the averments of the petition which appellant signed and his testimony at the trial, together with the long period of time which elapsed between the murder trial and the filing of the petition for writ of error coram nobis, were factors which we think could have well persuaded the experienced trial judge to conclude that appellant's testimony to the effect that the plea of guilty to the charge of murder in the second degree was interposed without appellant's knowledge and consent was untrue.

We hold, therefore, that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

GOODWYN, MERRILL, and COLEMAN, JJ., concur.