222 So.2d 722

**Lawrence W. SHADLE**

v.

**STATE.**

**I Div. 497.**

Supreme Court of Alabama.

May 8, 1969.

---

Lawrence W. Shadle, pro se.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Justice.

This is an appeal from a judgment entered in a coram nobis proceedings.

The appellant is now imprisoned in the penitentiary serving a life sentence, having been adjudged guilty of rape. The victim was twelve years of age. On appeal the judgment was affirmed by this court. See Shadle v. State, 280 Ala. 379, 194 So.2d 538.

On 7 March 1967, Shadle filed in the Circuit Court of Mobile County a petition for a Writ of Error Coram Nobis. The only ground asserted in support of his petition was that he was not represented by counsel at the time of his arraignment.

The state filed a motion to dismiss the petition on the ground that the records of the Circuit Court showed that an attorney was appointed prior to arraignment, and that such attorney appeared with the appellant when he was arraigned.

The motion came on for hearing on the regular docket of the Circuit Court on 11 August 1967, at which time the court took the matter under consideration.

On 11 October 1967, the court entered an order and judgment granting the motion of the state to dismiss the petition.

In the "Findings" portion of its order, the court found that on 18 May 1965, the court determined that the appellant was indigent, and thereupon counsel was appointed to represent appellant in the criminal proceedings growing out of the rape indictment.

On 26 May 1965, appellant accompanied by counsel, was brought before the court for arraignment, and entered a plea of not guilty, and was granted permission to reserve the right to file special pleas to the indictment.

We have examined the record on appeal in appellant's conviction for rape. (Shadle v. State, 280 Ala. 379, 194 So.2d 538, supra.) This record shows that on 18 May 1965, the appellant was brought before Judge Caffey. He there informed Judge Caffey he was financially unable to obtain an attorney, and he requested that an attorney be appointed to represent him.

Judge Caffey thereupon appointed Hon. Harry Riddick, an attorney of Mobile to represent, assist, and defend the appellant in the criminal case (rape) for which he had been indicted, and reset the date of appellant's arraignment for 26 May 1965.

On that day appellant, accompanied by his counsel, appeared for arraignment. The appeal record shows that appellant on this day "waived arraignment on the indictment in this case charging him with the offense of rape, and plead not guilty and the defendant reserved the right to file special pleas." The trial was set for September 1965.

The appellant's jury trial on the 21, 22, and 23 September 1965, resulted in a verdict and judgment of guilty. One need but read the opinion in Shadle v. State, supra, to be apprised of the zeal and competence with which Mr. Riddick performed his duties in representing the appellant, both in the trial, and on appeal to this court.

After dismissal of his coram nobis petition, Shadle gave notice of appeal, and requested a free transcript and appointment of counsel to represent him on appeal. The court granted the petition for a free transcript, and denied the request for appointment of counsel on appeal.

Shadle has been afforded every protection in defending the original charge brought against him. Able counsel was at his side in every step of the proceeding which lead to his conviction. A free transcript was furnished him on appeal. He was accorded a full appellate review. He has been furnished free a transcript of the record in his appeal in the coram nobis proceedings.

The order of the court dismissing the petition for the writ of error found, (1) that it was not necessary that counsel be appointed to protect the rights of the petitioner, nor was it necessary that the petitioner be present on the hearing of the motion, (2) that the records of the court established that the petitioner's claim was without substantial basis, (3) the petition was not accompanied with any affidavits setting forth any facts or evidence supporting the allegations therein, and (4) the petitioner does not assert that he has any valid defense to the original charge for which he stands convicted.

In our consideration of this appeal, we have not overlooked our decisions in Ex parte Hamilton, 271 Ala. 88, 122 So.2d 602, and Howard v. State, 280 Ala. 430, 194 So.2d 834. Hamilton, supra, involved a petition for leave to file a petition for a writ of error coram nobis in the lower court, this being the proper procedure at the time.

The petition, exhibits, and affidavits supporting the petition, together with the state's answer and supporting affidavits, were before the court. These documents showed that an attorney was not appointed to represent Hamilton until three days after he had been arraigned. The judgment entry recited he had been accompanied by counsel at arraignment.

In Howard v. State, supra, likewise a coram nobis proceedings, the petitioner testified at a hearing that a plea of guilty had been interposed by his attorney without his knowledge. The state presented evidence contradicting this testimony. The lower court denied the petition and this court affirmed.

In each of the above cases the court was concerned with the reliability of judgments under facts adduced, either by affidavits or at a hearing. In Howard, supra, it was stated:

"Of course, in a case of this kind, there is a presumption of reliability which attaches to the recital in a judgment entry and we do not think that ordinarily that presumption can be overcome by the mere statement of a petitioner that the judgment entry is incorrect."

In the present proceedings, the court below had before it merely the bare assertion.

# 140

by petitioner that he did not have counsel at arraignment. There were no supporting affidavits.

■ The court below could take judicial notice of its own records. The records in the Shadle murder trial showed a special order appointing counsel for petitioner and resetting the arraignment after appointing counsel.

As stated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148:

> "[W]e think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing."

We also note that Section 2255 of the Federal Judicial Code requires that a prisoner be granted a hearing on a motion which alleges sufficient facts to support a claim, unless the motion and the files of the case conclusively show that the claim is without merit.

■ From its own records the trial court determined that petitioner's asserted claim was without substantial basis. We find no reason to disturb that conclusion.

We do not consider this proceedings within the influence of *Hamilton,* supra, nor *Howard,* supra, the issues and factual situation being entirely different.

Affirmed.

All the Justices concur except COLEMAN, J.

COLEMAN, Justice (dissenting).

As I understand the record, defendant was denied a hearing on his petition for writ of error coram nobis and was denied counsel on appeal from the judgment denying the writ. These rulings, I think, were error and, therefore, I dissent. It is admitted that defendant is an indigent. Act approved September 16, 1963; 1963 Acts p. 1137; 1958 Recompilation of Code 1940, Tit. 15, § 318(6), 1967 pocket parts.