JOSEPH J. MULLINS, Retired Circuit Judge.
This is an appeal by the appellant, Jere Chatom, from a judgment of the Circuit Court of Mobile County dismissing a petition for a writ of error coram nobis seeking to set aside a judgment of conviction of the appellant for murder in the first degree and a sentence of life imprisonment without granting an evidentiary hearing on the petition and without appointing an attorney to represent the appellant in the circuit court on the petition.
The petition consumes thirty-eight pages of the transcript and consists of statements of propositions of law, some of the evidence introduced on the original trial, actions of the trial judge in admission of testimony, refusing requested written charges, denying a continuance and change of venue, all of which are matters that have been disposed of by this Court or should have been presented to this Court on appellant’s appeal from the original judgment of conviction. No facts are stated in the petition to justify the writ of error coram nobis.
We take judicial knowledge of the records of this Court and the Supreme Court of Alabama. We have reviewed the cases of Chatom v. State, Ala.Cr.App., 348 So.2d 828; Chatom v. State, Ala., 348 So.2d 838 and Chatom v. State, Ala.Cr.App., 348 So.2d 843, wherein it appears that the court appointed the Honorable Reynolds Alonzo and Honorable Joseph 0. Kulakowski who ably represented the appellant at his trial in the trial court, and upon the appellant’s conviction furnished him a free transcript consisting of 750 pages and appointed the Honorable Joseph 0. Kulakowski and Honorable Thomas J. Stein to represent the appellant on his appeal from the original judgment of conviction to this Court.
We have searched the record before us on this appeal, and there is no statement in the petition that the appellant is innocent of the crime he was convicted of or that he had a valid defense, or of any fact from which the court could draw an inference that he was innocent of or had a valid defense to the crime he was charged for.
We hold that the trial court did not err when it dismissed the appellant’s petition for a writ of error coram nobis without granting an evidentiary hearing and without appointing an attorney to represent the defendant. The failure of appellant’s petition to contain an allegation that the petitioner was innocent of the crime charged or that he had a valid defense to the crime charged is fatal. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Shadle v. State, 284 Ala. 138, 222 So.2d 722; Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917; Ex parte Phillips, 276 Ala. 282, 161 So.2d 485.
We have searched the entire record for errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
*1145 The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.