This is an appeal from the denial of a petition for writ of error coram nobis. The petitioner argues that he was entitled to a hearing since the petition was meritorious on its face.Ellison v. State, 406 So.2d 439 (Ala.Cr.App. 1981).
In denying the petition the circuit court issued a memorandum opinion:
 "This matter is presented to the Court upon the Petition for Writ of Error Coram Nobis heretofore filed, and upon consideration of same, the Court is of the opinion that said Petition should be denied.
 "The Petitioner alleges ineffective assistance of counsel on the following grounds: (1) his retained attorney failed to file a pretrial motion requesting a court appointed psychiatrist and psychologist to examine Petitioner; and (2) his retained attorney failed to file a motion requesting a presentence investigation.
 "The first ground, regarding counsel's failure to request a court appointed psychiatrist to examine Petitioner for preparation of an insanity defense, is without merit. The only evidence offered by Petitioner is the fact that a standard form waiver of arraignment containing a plea of not guilty and not guilty by reason of insanity was filed in the case. The record of the case, including Petitioner's testimony, offers no evidence or reason to raise any doubt, much less a reasonable doubt, as to Petitioner's sanity at the time the crime was committed or his competency to stand trial. Where no evidence or reason existed to doubt the Petitioner's sanity he was not entitled to a court appointed psychiatrist. Gales v. State, 338 So.2d 436
([Ala.Cr.App.] 1976), cert. denied, 338 So.2d 438, and Colley v. State, 405 So.2d 374 ([Ala.Cr.App.] 1980), reversed and remanded on other grounds. Therefore, Petitioner's counsel was not inadequate, nor did he render ineffective assistance for foregoing a motion that would have been futile.
 "The second ground of the Petition alleges ineffective assistance of counsel because of his attorney's failure to file a motion requesting a presentence investigation. There are no facts or evidence indicating that filing of such a motion would have prevented Petitioner's conviction in this case. Summers v. State, 366 So.2d 336 [Ala.Cr.App.], writ denied Ex Parte Summers, 366 So.2d 346 ([Ala.] 1978). The `Alabama Rules of Criminal Procedure-Temporary Rules' requiring sentencing hearings and presentence reports did not become effective until February 23, 1980, after the Petitioner's conviction in November 11, 1979. Gibson v. State, 387 So.2d 325 ([Ala.Cr.App.] 1980). *Page 828 
Further, as Petitioner was convicted of murder in the first degree, the Court had no discretion in sentencing and was required to impose the sentence of life imprisonment in the penitentiary returned by the jury and required by statute.
 "The further allegation by Petitioner that he was denied due process of law and his contention that he is innocent of the crime are insufficient. The record of the case includes a letter written by the Petitioner to the prosecuting attorney, after his conviction, in which he admits shooting and killing the victim but contends it was in self-defense, the same argument that his counsel presented to the jury. The office of writ of error coram nobis does not enable the Petitioner to question the merits of the case or to retry an indictment. Aldridge v. State, 278 Ala. 470 [179 So.2d 51] (1965), and Creel v. State, 53 Ala. App. 226, 298 So.2d 647 (1974). Further, naked allegations of denial of constitutional right and innocence are not sufficient for coram nobis relief. Thomas v. State, [274 Ala. 531], 150 So.2d 387 (1963), and Curry v. State, 49 Ala. App. 374, 272 So.2d 583 (1973).
 "Based upon the aforestated reasons, the Petition is without merit and due to be denied. An order will be entered in accordance with this memorandum opinion."
This opinion reveals that the petition was without merit and was properly denied.
Ellison, supra, does not stand for the proposition that the mere allegation of the denial of a constitutional right will render a petition for writ of error coram nobis "meritorious" and entitle the petitioner to an evidentiary hearing. The mere allegation that the petitioner was denied counsel, or effective counsel, is insufficient. Ex parte Richards, 42 Ala. App. 461,168 So.2d 29 (1964).
In order for a petition for writ of error coram nobis to be "meritorious on its face" it must contain more than mere naked allegations that a constitutional right has been violated.
 "It is also well established that in a petition for writ of error coram nobis, mere naked allegations that a constitutional right has been violated will not suffice. The application should make a full disclosure of the specific facts relied upon and not mere conclusions as to the nature and effect of such facts." Thomas v. State, 274 Ala. 531, 532, 150 So.2d 387 (1963) (emphasis added).
Ex parte Phillips, 276 Ala. 282, 161 So.2d 485 (1964); Corleyv. State, 397 So.2d 223 (Ala.Cr.App.), cert. denied, Ex parteCorley 397 So.2d 225 (Ala. 1981); Brown v. State,373 So.2d 1232 (Ala.Cr.App. 1979). The petition must contain not only the grounds upon which the petitioner bases his allegations but also the facts which support each ground. See A. Cates, PostConviction Remedies, 28 Ala. Law. 257, 272 (1967).
A hearing should not be granted without affidavits sufficiently refuting a record that appears correct. Shadle v.State, 284 Ala. 138, 222 So.2d 722 (1969); Chatom v. State,366 So.2d 1143 (Ala.Cr.App. 1979). A court may take judicial notice of its own records. Shadle.
The petition was properly dismissed. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.