BOWEN, Presiding Judge.
Driver’s pro se petition for writ of error coram nobis was summarily denied without an evidentiary hearing. The petition contains an allegation, among others, that Driver was twice put in jeopardy for the same offense when he pled guilty in Circuit Court to the same charges upon which he had previously been adjudicated a juvenile delinquent. The petition is sworn and contains a recital of facts to support this allegation. See Stephens v. State, 420 So.2d 826 (Ala.Cr.App.1982). If the asserted matters are true the petitioner is entitled to relief. Alabama Code Section 12-15 — 66(c) (1975); Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975). Since the petition is meritorious on its face, the petitioner should have been afforded a hearing on the merits. Kennedy v. State, 409 So.2d 1010 (Ala.Cr.App.1982); Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981); Henry v. State, 387 So.2d 328 (AIa.Cr.App.1980).
This cause is remanded to the Circuit Court with directions that an evidentiary hearing be held at which defendant is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand of this cause to the circuit court, an evidentiary hearing was held at which Driver was represented by counsel.
Driver alleges that his petition for writ of error coram nobis was due to be granted because (1) he was put in jeopardy when he pled guilty in the circuit court to the same charges upon which he had been previously adjudicated a juvenile delinquent, (2) the ineffective assistance of counsel, and (3) the failure of the Juvenile Court to make the specific findings required by Alabama Code 1975, § 12-15-34(d), before transferring Driver to the circuit court for treatment as an adult.
Driver’s contentions are without merit. Here, there was no juvenile delinquency hearing but only a hearing on a motion to transfer involving only a determination of probable cause. Ash v. State, 424 So.2d 1381, 1382 (Ala.Cr.App.1982). There was no vic:ation of Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), or Alabama Code 1975, § 12-15- *1142 66(c). The juvenile court made no adjudicatory finding of delinquency that Driver actually violated a criminal statute. Smith v. State, 368 So.2d 298, 301 (Ala.Cr.App.1978), cert, quashed, Ex parte Smith, 368 So.2d 305 (Ala.1979).
The record shows that Driver’s retained counsel was not ineffective in connection with the handling of the guilty pleas and the plea bargain agreement. Driver was facing eight charges. A rape charge and a burglary charge were dismissed. Driver pled guilty to two cases of kidnapping, two cases of robbery and two assault with intent to murder charges. In accordance with the plea bargain agreement, Driver was sentenced to five years in each of the kidnapping cases, 15 years in each of the assault cases, and 25 years in each of the robbery cases. All of the sentences were concurrent. There was no appeal from any of these guilty pleas. In determining that the pleas were properly entered and accepted, we have reviewed the transcript of those proceedings. That record shows that the guilty pleas were accepted in full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). That record also shows that Driver received excellent representation by his two attorneys.
The argument that the juvenile court judge failed to issue a proper order was waived when Driver failed to appeal that ruling and when he pled guilty after he had been certified for treatment as an adult.
The issues in this case warrant no further discussion. The petition is without factual and legal merit and was properly denied.
The judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.