TAYLOR, Judge.
Graves has filed a pro se brief appealing the court’s denial without a hearing of his petition for writ of error coram no-bis. It appears that the appellant pleaded guilty. The petition, supported by affidavit, contends that petitioner was misinformed by his counsel, in that counsel informed petitioner that he would receive a sentence of life without parole if he was found guilty and had not pleaded guilty. He also makes some allegations that his counsel failed to interview the victim in the case, and that such would have disclosed that the automobile in question was loaned to him. These allegations are supported by affidavit and so present issues with respect to effective assistance of counsel, which require a hearing. See Stephens v. State, 420 So.2d 826 (Ala.Cr.App.1982). If the asserted matters are true, the petitioner is, or may be, entitled to relief; he should have been afforded a hearing on the merits. Kennedy v. State, 409 So.2d 1010 (Ala.Cr.App.1982); Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981); Henry v. State, 387 So.2d 328 (Ala.Cr.App.1980).
This cause is remanded to the circuit court with directions that an evidentiary hearing be held at which the defendant is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Judge.
At the circuit court hearing, ordered by this court, the appellant denied the crime, and presented a witness to bolster his version of the events. He tracked his affidavit in testifying that he was told that the district attorney would try to see that he was sentenced to life without parole.
The evidence indicates that he was charged on this occasion with first degree robbery and first degree theft of an automobile. He had prior convictions for two murders and a burglary. Had he been convicted in this case of first degree robbery, a class A felony, the Habitual Felony Offender Act would have mandated a sentence of life without parole. He, in fact, plea bargained and pleaded guilty to first degree theft, a class B felony, and received a sentence of life imprisonment, a lesser sentence.
Graves’s attorney testified to having five or six conferences totaling five or six hours’ time with him instead of the single fifteen minute conference claimed by Graves. The state opened its file to the attorney. The state’s evidence was that Graves had threatened to “blow [the] brains out” of the victim if he did not exit his car and leave it with him. Graves then drove away and later pawned the car. The victim had to walk back to town from Owls Hollow, the area in which he had been forced out of the car at gunpoint. The attorney testified that he did talk with the *96 victim. At the time of the coram nobis hearing, the victim was deceased.
Upon review, it is very clear that the court did not err in concluding that the grounds alleged in support of the petition for writ of error coram nobis were not proved, and the circuit court did not err in denying the writ.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.