McMILLAN, Judge.
This is an appeal from the dismissal of the appellant’s petition for writ of error coram nobis. In his petition, he contends that he was denied effective assistance of counsel with regard to two cases.
The appellant claims that he received ineffective assistance of counsel in case N84-835 because his attorney failed to ask the jury venire if any of them were related to the police officers in the case. He offers no supporting facts to indicate that any of the jurors were related to any of the officers. Furthermore, he offers no evidence that any of the jurors were even acquainted with any of the officers. He also alleges that no expert testified at his trial that the substance was marijuana. He offers no additional facts in support of this statement and this conclusory allegation does not warrant a hearing. See Stephens v. State, 420 So.2d 826 (Ala.Cr.App.1982).
The appellant argues, with regard to case N85-1242, that his counsel was ineffective for allowing him to be sentenced as a habitual offender. He contends that the prosecution used two convictions in regard to which he had no counsel and at the time of which he was under the age of 18. The State has requested that this case be remanded for an evidentiary hearing on the appellant’s claims of ineffective assistance of counsel.
This case is remanded for an evidentiary hearing on the appellant’s claims of ineffective assistance of counsel.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court in order for an evidentiary hearing to be held on the appellant’s claim of ineffectiveness of counsel. The appellant had argued that his counsel was ineffective for allowing him to be sentenced as a habitual offender, because he was not represented by counsel and was under the age of 18 for two of the prior convictions. The State requested that the case be remanded for the evidentiary hearing.
The trial court has returned the following order (in pertinent part):
“Pursuant to the order of the Alabama Court of Criminal Appeals a hearing was held, petitioner was found to be entitled *203 to a new sentencing hearing and his sentence in Case No. N85-1242 was reduced from 25 years concurrent to 15 years concurrent. No appeal was taken from this ruling made on January 5, 1988.”
By resentencing the appellant, the trial court implicitly found that the defense counsel was ineffective. As no appeal has been taken from this ruling, the trial court’s finding is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.