ON RETURN TO REMAND
TAYLOR, Presiding Judge.
On remand, the circuit court entered the following findings of fact:
“This court, pursuant to an Order of Remand, held an evidentiary hearing on the issue of ineffective assistance of appellate counsel and trial counsel.
“The court makes the following findings of fact as to the issue of ineffective assistance of trial counsel.
“That competent and experienced trial counsel was appointed to represent petitioner in District Court where the court, after hearing testimony, bound the ease over to the Grand Jury. After indictment, trial counsel continued to represent petitioner. Prior to trial petitioner asked counsel to subpoena two witnesses, who he anticipated would dispute the State witness’s testimony. Counsel ordered subpoenas to be served. Trial counsel requested a continuance when he discovered that neither witness had been served; however, the court denied the request. Petitioner told counsel that he or members of family, who were present in courtroom, would contact witnesses before trial continued the next day. The defendant attempted to contact them, but offers no explanation for why they were unable to appear.
“The petitioner’s other allegations regarding failure to make opening statement, failure to file Motions of Acquittal and failure to file Motion for New Trial have no merit.
“The court holds that based on these facts the petitioner has totally failed in his burden of proof as to the effectiveness of trial counsel. The court also holds that there is no basis for the allegation as to ineffective assistance of appellate counsel, and therefore as an additional preclusion under Temporary Rule 20 he either did or could have raised all these issues on original appeal. Petition is therefore denied.”
Based on these findings of fact, it is the order of this court that the judgment of the circuit court denying the petition for post-conviction relief is due to be affirmed.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.