Eckford Lee Flanagan was convicted in July 1986 for the offenses of rape in the first degree and sodomy in the first degree and was sentenced to 30 years' imprisonment in the penitentiary. Flanagan appealed his convictions to this court, which were affirmed by opinion published at 533 So.2d 637
(Ala.Crim.App. 1987), cert. quashed, (Ala. 1988). Flanagan filed a Rule 20, A.R.Crim.P.Temp., petition with the Circuit Court of Morgan County, alleging (1) that his convictions violated the privilege against self-incrimination because he was not advised by his trial counsel or the trial judge of his right not to testify and (2) that he was denied the effective assistance of counsel. The State filed a motion to dismiss and gave the following reasons for its motion:
 "1. The defendant's petition is precluded procedurally as it is based on grounds which could have been but were not raised at trial;
 "2. The petitioner raises issues that could have been addressed on appeal but were not;
 "3. The Alabama Court of Criminal Appeals affirmed this court's judgment on April 14, 1987. The petition was filed with this court on July 2, 1990. The petition is precluded as it was not filed within the two (2) year statute of limitations as set out in Rule 20.2(c) of the Alabama Temporary Rules of Criminal Procedure;
 "4. The respondent requests that the Court take judicial notice of the matters contained in the court file, all of which are hereby incorporated in this Motion. Stephens v. State, 420 So.2d 826 (Ala.Cr.App. 1982);
 "5. As further grounds for granting the respondent's Motion the State would show that the petitioner has not alleged that he is innocent of the charge or that he has a valid defense thereto, which failure is generally fatal to a petition for writ of error coram nobis, which is now in the nature of a petition under Rule 20 of the Alabama Temporary Rules of Criminal Procedure. Chatom v. State, 366 So.2d 1143
(Ala.Cr.App. 1979), Phelps v. State, 410 So.2d 435 (Ala.Cr.App. 1981)." (R. 13-14.)
The trial judge then granted the State's motion to dismiss by making the following notation on the first page of the Rule 20 petition: "Petition dismissed on Motion of State filed herein on the grounds stated therein." (R. 1.) The petitioner now appeals the dismissal of his Rule 20 petition.
As to the petitioner's first allegation, that his conviction was obtained by a violation of the privilege against self-incrimination, the State correctly asserted that this allegation was precluded procedurally because this issue could have been but was not raised at trial or on appeal.
However, neither the State nor the trial judge (since he merely adopted the State's grounds in its motion to dismiss) gave any valid reason for summarily dismissing the petitioner's second allegation, which asserted several ineffective-assistance-of-counsel claims. This allegation cannot be precluded on the grounds that it could have been but was not raised at trial or on appeal, since the petitioner had the same attorney at trial and on appeal. Further, the State incorrectly argued that the petition could be dismissed as not having been filed within the period of limitations. Rule 20.2(c), A.R.Crim.P.Temp., provides:
 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 20.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Alabama Rules of Appellate Procedure; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall *Page 561 
not entertain a petition based on the grounds specified in Rule 20.1(e) unless the petition is filed within the two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later. Provided however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of this Temporary Rule 20 (April 1, 1987)." (Emphasis added).
Rule 41(b), A.R.A.P., states, "Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately." The Alabama Supreme Court quashed certiorari in this case on October 7, 1988, and the Rule 20 petition was filed on July 2, 1990. Thus, the petition was filed within the limitations period, and the State acknowledges this fact in its brief on appeal.
The other ground urged for the dismissal of this petition is that "the petitioner has not alleged that he is innocent of the charge or that he has a valid defense thereto." This is not a valid reason for the dismissal of the petition.
Therefore, we must reverse and remand this cause to the trial court for it to reconsider the petitioner's allegations concerning ineffective assistance of counsel and to make specific findings of fact relating to these allegations.See Williams v. State, 565 So.2d 302 (Ala.Crim.App. 1990). Seealso Ex Parte Rice, 565 So.2d 606 (Ala. 1990). The return to remand must be filed with this Court within 90 days. A hearing, with counsel present, shall be conducted within this time period.
REVERSED AND REMANDED.
All the Judges concur.