DICKERSON v. STATE.

(In Banc.   Dec. 8, 1947.)

[32 So. (2d) 881.   No. 36651.]

John **F. Frierson** and **W. H. Jolly,** both of Columbus, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

**Griffith, P. J.**, delivered the opinion of the court.

Appellant, herein called the defendant, was indicted for and convicted of murder and was sentenced to death. The crime was committed for the purpose of robbery, and was as cruel and cold-blooded as could well be imagined. The defendant's guilt was so conclusively proved as to leave him no possible avenue of escape so far as the facts were concerned.

He has assigned on his appeal three grounds for a reversal. None are maintainable but one of them calls for further mention. He offered to plead guilty and insisted that the plea be entered. The trial judge declined to accept it and ordered the entry of a plea of not guilty. Defendant says that the judge had no authority to do otherwise than to accept his plea as offered, since it was offered without reservation.

In some states the statutes permit pleas of guilty in capital cases, and authorize the trial judge to impose the death penalty if upon an examination of the facts such a penalty is deserved. We have no such statute in this state. Rather, all our statutes in capital cases place the death sentence within the sole province of the jury, and no such sentence can be imposed by any judge unless he has the authority of the jury therefor. The defendant concedes that this is true.

If, then, the trial judge were compelled to accept a plea of guilty in capital cases and could do no more than thereupon to pronounce sentence, as apparently the defendant contends, it would put it in the power of any defendant to abolish capital punishment so far as he is concerned—

would enable him to make his own law in that respect. Manifestly this cannot be permitted. A case in point is Green v. United States, 40 App. D. C. 426, 46 L. R. A. (N. S.) 1117.

We do not say that the trial judge may not accept a plea of guilty in a capital case, but if he does so he must see to it, first, that the plea is entirely voluntary and that the defendant fully realizes and is competent to know the consequences of such a plea, and second, a competent and impartial jury must be empanelled and the material circumstances of the crime must be placed before the jury with such fullness that the jury will be well advised on the issue whether they should adjudge the death sentence.

In view of these essential steps, we think it ought to be and is within the discretion of the trial judge whether he will accept a plea of guilty in a capital case or will decline it and put the case to trial on its full merits. If he takes the latter course nothing is thereby done of which the defendant may complain as being harmful to him, and it is the usual practice in this state to take that course.

Let it be distinctly understood that we are not discussing or considering a situation where the district attorney consents to a plea of guilty and agrees to a sentence less than capital. Such a case is not here before us.

Affirmed and Friday, January 23, 1948, is fixed as the date for the execution.