BUIE *v.* STATE.

May 25, 1953

No. 38751          33 Adv. S. 5          64 So. 2d 897

*W. P. Cassedy,* for appellant.

*Joe T. Patterson,* Assistant Attorney General, for appellee.

Lee, J.

Fannie Mae Buie appeals from a conviction of manslaughter for the felonious slaying of Laura Mae Benson on account of which she was sentenced to serve a term of nine years in the state penitentiary.

The death of the Benson woman was caused from a rifle bullet which struck her in the left side of the neck, midway between the chin and collarbone. It ranged downward severing the jugular vein, and was extracted from behind the right shoulder joint. Appellant admitted that she fired the fatal shot.

For the State, Reid Martin, a taxi driver, testified that, on May 5, 1952, about midnight, he drove Laura Mae to the Red Quarters in the City of Brookhaven. He stopped his car near Fannie Mae's house, and at Laura Mae's request, knocked on the door, identified himself, and inquired if Artis Johnson was there, saying that "a party out here wants to speak to him before he goes to New Orleans." When Fannie Mae replied that Artis was not there, the witness went back to the car and so informed his passenger. Thereupon Laura Mae said, "wait a minute," got out of the car, walked in front of its lights, in about 12 or 15 feet of the door, and calling Fannie Mae twice, said, "Is Artis here? Tell him . . ." At that time, the wood door opened

partly, a rifle was thrust into the opening and immediately fired. Laura Mae threw up her hands, ran to the side of the car and fell to the ground. A second shot missed its mark. At the time of the shooting Laura Mae was in the street, unarmed, and making no threats of any kind. The screen door was closed at the time of the shooting. Later that night, the witness saw two holes therein, through which the bullets passed. Several pictures of the scene were introduced in evidence, and the witness pointed out the various locations and the holes in the screen door.

■■■ This evidence, if true, showed a willful and felonious killing, without any legal justification whatever.

On the contrary, Fannie Mae testified for herself that the deceased had broken into her house once before and had threatened to return and kill her; that the deceased was convicted in the justice of the peace court for breaking in the house; that she returned on this occasion, entered upon the porch of the house, pulled the screen door back, and was trying to break through the wood door, when the rifle was fired through the two holes in the door for the purpose of scaring her away. If her evidence was true, it tended to establish that the shots were fired in self defense and for the purpose of preventing the deceased from breaking into the house.

So, a clear cut factual issue was presented. In such a case, the jury is the sole judge as to which version is true. Hence, the appellant's contention that she was entitled to a peremptory instruction is untenable.

The jury had ample evidence to warrant a finding of guilt, and the further contention that the verdict was against the great weight of the evidence is not well taken.

■■■ The appellant complains that the lower court erred in refusing to admit in evidence two photographs, wherein she herself was shown between the open screen door and the closed wood door. The evident purpose was to portray her contention as to the position of the deceased

at the time of the shooting. In Fore v. State, 75 Miss. 727, 23 So. 712, like pictures were characterized as "photographic representations of tableaux vivants" and were held to be inadmissible. The rationale for such rule was clearly pointed out in the opinion, and its repetition here is unnecessary. See also Brett v. State, 94 Miss. 669, 47 So. 781; and G. W. Martin v. State, No. 38,717, decided by this Court on May 11, 1953.

We find no reversible error, and the cause is affirmed. Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.