## COLEMAN *v.* STATE.

Oct. 12, 1953

No. 38797 38 Adv. S. 3 67 So. 2d 304

*Allen & Allen,* Indianola, for appellant.

*Joe T. Patterson,* Assistant Attorney General, Jackson, for appellee.

ARRINGTON, J.

Charlie Coleman was convicted in the Circuit Court of Sunflower County for the murder of J. W. Morgan, and sentenced to death. From this judgment he appeals.

The evidence on the part of the State shows that at approximately 11:30 on the night of April 19, 1952, J. W. Morgan, Marshal of the Town of Doddsville, in a raised voice, told Charlie Coleman to "get out of town"; that he put his hand on Coleman's back and kneed or bumped him, and at which time Coleman turned sidewise and struck him with a knife. The knife punctured the aorta and from this wound, Morgan died approximately thirty seconds thereafter. There was no proof on the part of the State that Coleman was under arrest. On the contrary, the force used by the deceased was for the purpose of requiring him to leave town.

The main assignment of error argued by the appellant is that the trial court erred in submitting the issue of murder to the jury and refusing appellant's requested instruction limiting the crime to manslaughter.

Section 2225, Miss. Code 1942, provides: "Every person who shall unnecessarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any unlawful act, or after such attempt shall have failed, shall be guilty of manslaughter."

██ Under the facts in this case, the deceased was committing an unlawful act—an assault—upon the appellant, Coleman, at the time of the infliction of the mortal wound. We are of the opinion that the court erred in submitting the issue of murder to the jury and not limiting the crime to manslaughter, for it is clear that the killing comes within the purview of the above quoted statute as construed by this Court in many cases. Long v. State, 52

Miss. 23; Williams v. State, 122 Miss. 151, 84 So. 8; Williams v. State, 127 Miss. 851, 90 So. 705; Shedd v. State, 203 Miss. 544, 33 So. 2d 816; and Cutrer v. State, 207 Miss. 806, 43 So. 2d 385, and the authorities cited therein.

 With reference to the other assignments argued, we are of the opinion that the photograph of the deceased was not relevant and of no value to the jury, and should not have been admitted. Seals v. State, 208 Miss. 236, 44 So. 2d 61; Hancock v. State, 209 Miss. 523, 47 So. 2d 833; Price v. State, 54 So. 2d 667 (Miss.). As to the argument of the district attorney and special prosecuting attorney, as set out in the special bill of exceptions, it is unnecessary to determine whether the argument employed constituted reversible error. However, those prosecuting criminal cases are admonished to refrain from the use of any language which could be calculated to engender race prejudice. The safe course is to refer to the accused as "the defendant."

For the reasons hereinabove set out, the judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.

All Justices concur, except *Hall, J.,* who took no part.