ON APPLICATION FOR LEAVE TO FILE A PETITION FOR A WRIT OF ERROR CORAM NOBIS AND ON PETITION FOR STAY OF EXECUTION.
ROBERTSON, Justice.
We have carefully considered the application for leave to file a petition for a writ of error coram nobis, and the brief in support thereof, and are of the opinion that the application should be denied. We note that all averments of the application are with reference to matters that were heard and considered in the trial court and that were carefully and fully considered by this Court on appeal hereto. The new evidence proposed in the application was available at the time of trial and defense counsel cross-examined witnesses on the very points which counsel now attempts to raise anew.
The questions raised were fully discussed in the opinion of this Court now of record in 192 So.2d 686 (1966). As was noted in that opinion, the trial court on February 17, 1965, appointed counsel for the defendant. On request of defense counsel the trial court on February 25, 1965, set the case over for trial on April 20, 1965, during the April 1965 Term of Court. Thus from the day of appointment until the day of trial, defense counsel had over two months to prepare for trial.
We said in our opinion of December 12, 1966:
“The evidence is clear, positive, uncon-tradicted and undenied that no promises of any kind were made to the defendant; that no force or coercion was used; that the rights of the defendant were fully explained to him; that he understood his rights; that he intelligently and voluntarily waived his right to counsel during his interrogation before arraignment; that he was not held incommunicado but on the contrary was allowed to see his relatives; and finally that his confes *240 sion was free and voluntary in every respect.”
The application for leave to file a petition for writ of error coram nobis is, therefore, denied.
Petitioner has filed a separate Motion and Petition for Stay of Execution “pending his present Appeals and applications to the Supreme Court of Mississippi for writ of error coram nobis and other appeals which he has in this Honorable Court and in the United States Courts.”
While this Court has now disposed of all appeals and applications before it, and no pleadings have been filed with the Clerk of this Court indicating any other appeal elsewhere we, nevertheless, grant a stay of execution for 30 days from this date, and fix February 17, 1967, as the date for the execution of the sentence and the infliction of the death penalty in the manner provided by law.
Application for leave to file petition for a writ of error coram nobis denied and petition for stay of execution granted and date of execution set for February 17, 1967.
All Justices concur.