207 So.2d 412

**Edward BOYKIN, Jr.**

**v.**

**STATE of Alabama.**

**I Div. 403.**

Supreme Court of Alabama.

Feb. 8, 1968.

Rehearing Denied March 7, 1968.

E. Graham Gibbons, Mobile, Donald A. Jelinek, Stephen A. Hopkins and James J. Morrissey, Jr., New York City, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

This is an appeal from a judgment convicting defendant of robbery and sentencing him to death by electrocution.

The record discloses that defendant pleaded guilty to five separate indictments charging him with committing five separate robberies, respectively. The instant case is No. 15520 in the circuit court. Defendant pleaded guilty to the indictment in the instant case.

The evidence shows that, on May 6, 1966, at about nine o'clock in the evening, defendant and a companion entered a drug store in Mobile. The person robbed, Mrs. Annette Fawcett, testified that defendant came into the store wearing a green beret; that he put some ice cream on the counter; that he also had a book which he put up against the wrapping counter; that the witness leaned over to see how wide the book was; that defendant reached over and grabbed the witness by her dress and said "Don't say a word."; that defendant pulled a gun out of the book and pointed the gun at the witness; that defendant pulled the witness back to where the adding machine was and the other boy came around to the register to open it; that defendant put the gun at the witness' back and kept on saying "Open the register, open it, open it."; that defendant kept on pushing it and it did open; that defendant took from the cash registers the money which was about $373; that defendant took the witness back to the "wareroom and threw the gun back and forth"; that the witness looked at the gun and could see that it was loaded; that defendant said "And the keys, and the keys, and the keys; give me the geys give me the keys."; that witness realized defendant wanted her car keys and then defendant decided he would take witness and a colored delivery boy with defendant in the witness' car; that they were going on out and the little girl in front who had run next door to get a loaf of bread walked in the door; that the girl said "Oh, my God, I'm shot."; that defendant had the pistol and it was fired; that the young girl was shot in the calf of her leg; that the witness did not get excited until the girl was shot; that witness thinks defendant intended to shoot just to frighten because the officer

said "it" hit the floor; that the girl still has the bullet in her leg; that defendant was the only one that had the pistol.

Counsel for defendant argues two propositions for error. Counsel says the punishment for robbery must be imposed by the jury and that the record does not disclose compliance with statutory requirements since the judgment on September 21, 1966, was not the result of any jury verdict.

The record does not support defendant's contention. The judgment recites that a jury, E. J. Strong, Jr., Foreman, and eleven others do say:

" 'We, the Jury, find the defendant guilty of Robbery, as charged in the indictment, on his plea of guilty, and further find that he shall suffer death by electrocution.' "

The court reporter's transcript of the evidence recites that "this cause came on for trial before the Honorable Walter F. Gaillard sitting as Judge of the said Court, and a Jury . . . ." The reporter's transcript further recites the reading of the jury's verdict by the clerk. Defendant's first contention is without merit.

Defendant's second contention is that capital punishment for robbery violates the constitutional safeguard against cruel and unusual punishment. The gist of defendant's argument is that the punishment of death is disproportionate to the crime because defendant killed no person in committing the offense.

§ 415, Title 14, Code 1940, recites:

"Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."

Punishments are cruel when they involve torture or a lingering death; but the punishment of death is not cruel, within the meaning of that word as used in the Constitution. It implies there something in-

human and barbarous, and something more than the mere extinguishment of life. Weems v. United States, 217 U.S. 349, 370, 30 S.Ct. 544, 54 L.Ed. 793; note 4 in State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 464, 67 S.Ct. 374, 91 L.Ed. 422.

■ Any punishment declared by statute for an offense which was punishable in the same way at common law could not be regarded as cruel or unusual in the constitutional sense. Cooley, Constitutional Limitations, quoted in Weems v. United States, supra. Probably any new statutory offense may be punished to the extent and in the mode permitted by the common law for offenses of a similar nature. Cooley, quoted in Weems v. United States, supra. See also: In re Kemmler, 136 U.S. 436, 10 S.Ct. 930, 34 L.Ed. 519; People ex rel. Kemmler v. Durston, 119 N.Y. 569, 24 N.E. 6; Holmes, C. J., in Storti v. Commonwealth, 178 Mass. 549, 60 N.E. 210; Dutton v. State, 123 Md. 373, 91 A. 417; In re Wells, 35 Cal.2d 889, 221 P.2d 947, cert. den. Wells v. California, 340 U.S. 937, 71 S.Ct. 483, 95 L.Ed. 676.

Robbery, from the earliest times has always been regarded a crime of the gravest character. At common law the punishment for robbery was death with or without benefit of clergy, according to varying statutes. Franklin & Ponto v. Brown, 73 W.Va. 727, 729, 81 S.E. 405, L.R.A.1915C, 557. In Laws of Alabama, 1823, page 207, the punishment for robbery was death. In the Code of 1852, § 3104, page 563, punishment was ten years' imprisonment. Since the Revised Code of 1867, § 3668, any person convicted of robbery, must be punished, at the discretion of the jury, either by death, or by imprisonment for not less than ten years; or, as in Code 1886, § 3742, by death or by imprisonment for not less than five years; or, as in Code 1896, § 5479, and subsequent codes, by death or by imprisonment for not less than ten years.

■ We are of opinion that the constitutional prohibition against cruel and un-usual punishment has not been violated by the judgment in the instant case. Even in this latter day when some courts are criticized on the charge that they favor the robber more than the victim, we are of opinion that death is not a cruel and unusual punishment.

Affirmed.

SIMPSON and MERRILL, JJ., concur.

LAWSON, J., concurs specially.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., dissent.

LAWSON, Justice (concurring specially):

I agree that on the record before us the judgment of the trial court should be affirmed. The opinion of Mr. Justice Coleman, in my judgment, correctly disposes of the questions argued in brief of counsel for the appellant.

The record contains nothing to indicate that Boykin's plea of guilty was not voluntarily and knowingly made or that it was the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence. For aught appearing, the plea was entirely voluntary and Boykin fully realized and was competent to know and understand the possible consequences of such a plea. In briefs filed here on behalf of Boykin, by counsel who did not represent him at the trial below, it is not contended that Boykin did not voluntarily and knowingly enter the plea of guilty or that he did not fully realize the possible consequences of such plea.

I am not familiar with any holding of this court to the effect that when a defendant pleads guilty in a capital case the record must affirmatively show that the trial judge did not accept the guilty plea until after determining that the plea was voluntarily and knowingly entered by the defendant

and that the defendant fully realized and was competent to know the consequences of such a plea. And such is not, in my opinion, the holdings of the Mississippi Supreme Court in Dickerson v. State, 202 Miss. 804, 32 So.2d 881, and Yates v. State, 251 Miss. 376, 169 So.2d 792, cited and relied upon in the dissenting opinion.

In Howard v. State, 280 Ala. 430, 194 So.2d 834, in reviewing the action of a trial court in a post conviction proceeding, we observed: "An accused's plea of guilty may be accepted only if it is made voluntarily and knowingly. If it appears that a guilty plea is the product of coercion, either mental or physical, or was unfairly obtained or given through ignorance, fear or inadvertence, it is void since it is a violation of constitutional safeguards." (194 So.2d 837–838) In my opinion the language just quoted is to the same effect as that quoted in the dissenting opinion from Yates v. State of Mississippi, supra.

Of course, a trial judge should not accept a guilty plea unless he has determined that such a plea was voluntarily and knowingly entered by the defendant. But neither the Howard case, supra, nor the Mississippi cases, supra, hold that the record must affirmatively show that the trial judge made such a determination. The effect of the dissenting opinion is to presume that the trial judge failed to do his duty.

If the trial court did fail to make such an ascertainment, or if the appellant, Boykin, was not adequately represented in the court below, or if because of his youth or ignorance he was unable to fully comprehend the possible effect of having all five cases tried before the same unstruck jury, he can raise any or all of those questions in a petition for writ of error coram nobis. In such a proceeding, of course, the petitioner would be required to produce evidence in support of his contentions. But, in my opinion, there is nothing in this record which would justify a reversal on any of those possible contentions.

GOODWYN, Justice (dissenting):

This is one of five cases (the others being 1 Div. 403 A, 1 Div. 403 B, 1 Div. 403 C, and 1 Div. 403 D) in each of which Edward Boykin, Jr., the appellant in each case, was indicted, tried, found guilty and sentenced to death by electrocution for a separate offense of robbery. At his arraignment and at his trial, he entered a plea of guilty in each of the cases. By agreement, all five cases were presented to the same jury.

Aside from any other reason, it is my view that the judgments in these five death cases should be reversed and the causes remanded to the trial court because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty. I think what was said in Dickerson v. State, 202 Miss. 804, 32 So.2d 881, and Yates v. State, 251 Miss. 376, 169 So.2d 792, 802, should be the rule in this State, viz:

"* * * '* * * We do not say that the trial judge may not accept a plea of guilty in a capital case, but if he does so he must see to it, first, that the plea is entirely voluntary and that the defendant fully realizes and is competent to know the consequences of such a plea, * * *.'"

It is to be noted that we are not dealing here with a case where there was an agreement between the district attorney and the defendant as to a sentence less than capital upon the entering by defendant of a guilty plea.

There is nothing in the record or briefs indicating the defendant's trial strategy in pleading guilty in these five cases.

LIVINGSTON, C. J., and HARWOOD, J., concur in the foregoing dissent.