ETHRIDGE, Chief Justice:
At the April 1960 term of the Circuit Court of Montgomery County, Mississippi, Lawrence King, appellant, was indicted for murder. Venue was changed to Lauderdale County, and in August 1960 the case was tried, but the jury being unable to agree' upon a verdict, a mistrial was declared. In September 1960 the case was brought to trial again and a jury was selected, but before the taking of testimony began, King, upon advice of counsel, withdrew his plea of not guilty and entered a plea of guilty. He was sentenced to serve a life term in the penitentiary, where he has been incarcerated since that time.
In 1965 King filed in the Circuit Court of Lauderdale County a motion for a new trial, on the ground of newly discovered evidence. After an evidentiary hearing, the trial court denied that motion, and its de- *518 cisión was affirmed by this Court. King v. State, 254 Miss. 917, 183 So.2d 494 (1966). Our opinion noted that King, having served as Montgomery County Sheriff, was familiar with criminal procedures and practices and the effects of a guilty plea; and that he was advised by experienced and able counsel before entering his guilty plea, which was made only after long and deliberate consideration. We concluded that there could be “no question as to the voluntary character of King’s plea of guilty to the charge of murder.” Id. at 923, 183 So.2d at 497.
In April 1968 the United States Supreme Court decided the case of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Defendants were indicted for having violated the Federal Kid-naping Act, 18 U.S.C. § 1201(a), which provides :
Whoever knowingly transports in interstate * * * commerce, any person who has been unlawfully * * * kid-naped * * * and held for ransom * * * or otherwise * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed.
The Supreme Court held in Jackson that the death penalty provision of the Federal Kidnaping Act was invalid, because it imposed an impermissible burden upon an accused’s exercise of his fifth amendment right not to plead guilty and his sixth amendment right to demand a jury trial, but that the remainder of the statute was valid, since the death penalty provision was severable from it. The Court observed that the statute set forth no procedure “for imposing the death penalty upon a defendant who waives the right to jury trial or unon one who pleads guilty.” 390 U.S. at 571, 88 S.Ct. at 1210, 20 L.Ed.2d at 141. The defendant’s assertion of the right to jury trial might cost him his life, for the federal statute authorizes the jury — and only the jury —to return a verdict of death. Thus, the Court reasoned, the statute subjects a defendant who seeks a jury trial to an increased hazard of capital punishment. Accordingly, the effect of any such provision is to discourage assertion of the fifth amendment right not to plead guilty and to deter exercise of the sixth amendment right to demand a jury trial. The goal of limiting the death penalty to cases in which a jury recommends it is legitimate, the Court said, but it can be achieved without penalizing those defendants who plead not guilty and demand a jury trial. Thus the “evil in the federal statute is not that it necessarily coerces guilty pleas and jury waivers but simply that it needlesslv encourages them.” 390 U.S. at 583, 88 S.Ct. at 1217, 20 L.Ed. 2d at 148.
After the decision in Jackson, King filed the present “Petition for Writ of Habeas Corpus”, in which he alleged that the death penalty provision in Mississippi Code 1942 Annotated section 2217 (1956) violates the fifth and sixth amendments of the United States Constitution and section 14 of the Mississippi Constitution. He asked that his conviction be set aside and he be allowed a trial by jury without the death penalty provision.
At the hearing on his petition, King testified that he was not guilty of the offense charged, but that he had pleaded guilty in order to avoid the probability of a jury returning the death penalty. The State on the second trial would have had not only the testimony of Alex Morris, King’s alleged accomplice in the murder, but also an asserted confession by King which the court had excluded on the first trial, but had indicated it would admit into evidence on the forthcoming second trial.
The two attorneys who represented King at the time of his guilty plea testified in substance as follows. The case was sensational and widely publicized. The trial judge had indicated that on the second trial he would admit King’s alleged confession in evidence. The district attorney offered *519 to recommend to the trial court a life sentence if King would plead guilty, although there had been no such choice at the first trial. They thought that there was a strong probability that the jury would find him guilty and impose the death sentence, so they reluctantly recommended that he plead guilty. King understood what he was doing, but his guilty plea was entered under the pressure of the probability of a death penalty being inflicted if-the case were tried to the jury.
The circuit court denied the instant petition on the ground that United States v. Jackson, decided in 1968, was not retroactive and was not applicable to a guilty plea entered in 1960. We affirm.
The Jackson opinion made no reference to its possible retroactive application. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the United States Supreme Court considered the questions of retro-activity and nonretroactivity in decisions affecting constitutional rights in criminal cases. Essentially the criteria that the Court looked to in determining whether a decision should have retroactive effect or not was the purposes of the new standards, the reliance which might have been placed upon prior decisions on the subject, and the effect on the administration of justice of retroactive application, Under this criteria, we feel that the rule in Jackson is not retroactive, and the petition must therefore be denied. See Annot., 10 A.L.R.3d 1371 (1966).
We further hold that assuming the Jackson rule to have retroactive operation, nevertheless, it is not applicable to the general Mississippi statute on murder, Mississippi Code 1942 Annotated section 2217 (1956), which provides:
Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 [Code of 1930; § 2536, Code of 1942] in which case the court shall fix the punishment at imprisonment for life.
Under the Federal Kidnaping Acc, if a defendant enters a plea of guilty he is assured that he cannot be put to death but will suffer imprisonment for life or a term of years. It has no procedure for imposing the death penalty upon a defendant who waives the right to jury trial. Thus the Court stated that the act’s effect is to discourage assertion of the fifth amendment right not to plead guilty and to deter exercise of the sixth amendment right to demand a jury trial.
On the other hand, under Mississippi Code section 2217 an accused entering a plea of guilty to a charge of murder is not assured of not receiving the death penalty. Dickerson v. State, 202 Miss. 804, 32 So.2d 881 (1947) held that a trial judge cannot be compelled to accept a plea of guilty in a capital case and pronounce a sentence less than death. A death sentence is within the sole province of a jury.
In Yates v. State, 251 Miss. 376, 169 So.2d 792 (1964), defendant pleaded guilty to murder. The issue of a sentence was submitted to a jury, which imposed the death penalty. Reversing and remanding the case for error in denial of a continuance, it was held that no error was committed in refusing to instruct the jury to fix punishment at life imprisonment and in leaving the question of whether defendant should suffer the death penalty to the jury. On the second trial, defendant again pleaded guilty, and a jury again sentenced him to death. This was affirmed on appeal. Yates v. State, 253 Miss. 424, 175 So.2d 617, cert. denied, 382 U.S. 931, 86 S.Ct. 321, 15 L.Ed.2d 342 (1965). The second Yates opinion reaffirmed the decisions in Dickerson and the first Yates case. See also Yates v. Breazeale, 266 F.Supp. *520 360 (N.D.Miss.1967) (denying writ of habeas corpus).
In short, Mississippi Code 1942 Annotated section 2217 (1956) does not coerce guilty pleas and jury waivers or encourage them, in contrast with the provision of the Federal Kidnaping Statute condemned in Jackson. A defendant in this jurisdiction who enters a plea of guilty is not assured that he will not receive the death penalty. Before the death penalty can be imposed under section 2217 as interpreted in Yates, upon an accused’s entering a guilty plea the trial judge must submit the question of the type of punishment to a jury, which may impose either the death penalty or a life sentence. Moreover, a person convicted under the Federal Kidnaping Act is punished by death only if the jury takes the affirmative action of recommending the death penalty. Under Code section 2217 a person convicted of murder will receive the death penalty, unless' the jury fixes the punishment at life imprisonment or certifies its disagreement as to punishment, in which event the court must impose life imprisonment. Thus the federal act imposes the death sentence only if the jury recommends death; under the Mississippi statute the convict is punished by death unless the jury fixes the punishment at life imprisonment, or disagrees as to the punishment.'
Finally, Yates emphasizes that since an accused is not assured of receiving life imprisonment on a guilty plea, he cannot be coerced by that factor to plead guilty. Unlike the Jackson situation there is no increased hazard of receiving capital punishment if the defendant pleads not guilty and submits his case to the jury.
For these reasons, assuming Jackson has retroactive operation, Mississippi Code section 2217 does not have the characteristics which were condemned in Jackson. It does not place an impermissible burden upon accused’s exercise of his right not to plead guilty and his right to demand a jury trial.
Affirmed,
All Justices concur, except RODGERS, J., who took no part.