213 So.2d 195

**Clarence JOHNSON**

v.

**STATE of Alabama.**

**1 Div. 486, 487.**

Supreme Court of Alabama.

July 18, 1968.

Collins, Galloway & Murphy, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

LAWSON, Justice.

On June 26, 1967, the grand jury of Mobile County returned two indictments against the appellant, Clarence Johnson,

both charging a violation of the provisions of §85 of Title 14, Code of Alabama 1940,) which reads:

"Any person who, in the nighttime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house, or any other house or building, which is occupied by any person lodged therein is guilty of burglary in the first degree, and shall on conviction be punished at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years."

Both of the indictments contained two counts. In one of the indictments Count 1 charged the appellant with breaking and entering into the inhabited dwelling house of Nellie Brown in the nighttime with intent to steal, etc. Count 2 of that indictment charged appellant with breaking and entering into the inhabited dwelling house of Nellie Brown in the nighttime with intent to ravish, etc.

In the other indictment, Count 1 charged appellant with breaking and entering into the inhabited dwelling house of Estelle Malone in the nighttime with intent to steal, etc. Count 2 of that indictment charged the appellant with breaking and entering into the inhabited dwelling house of Estelle Malone in the nighttime with intent to ravish, etc.

On Monday, July 10, 1967, the appellant, Clarence Johnson, was arraigned on both indictments. He was represented at arraignment by counsel and entered pleas of not guilty to both indictments. The cases were set for trial on September 19, 1967.

On September 19, 1967, the day set for the trial of the two cases, the appellant changed his pleas from not guilty to guilty. The record affirmatively shows that appellant's pleas of guilty were voluntarily and knowingly made by him in the presence of and with the approval of his counsel.

Although the appellant entered pleas of guilty to both indictments, it was incumbent upon the trial court to have the punishment determined by a jury. § 27, Title 15, Code 1940; § 85, Title 14, Code 1940.

Apparently the testimony in both cases was presented to the same unstruck jury. See Boykin v. State, 281 Ala. 659, 207 So. 2d 412. The jury returned verdicts of guilty in both cases and fixed the appellant's punishment at life imprisonment. Judgments were entered in accordance with the verdicts of the jury. From the judgments so rendered, Johnson has appealed to this court. He has been furnished a free transcript of the proceedings below and is represented here by court-appointed counsel who did not represent him in the trial below.

Counsel for appellant argues two propositions for error. One is to the effect that the appellant was denied the constitutional guaranty to have counsel at all critical stages of the trial in that he was not represented by counsel at preliminary hearing.

In answer to that contention, we think it sufficient to observe that the record in this case does not show that there was a preliminary hearing. For aught appearing, the appellant was not arrested until after the indictments were returned, in which event there would be no need for a preliminary hearing.

The appellant's second contention is that the trial court committed reversible error in including in its oral charge to the jury the following statement:

"* * * I can tell you this: I know of no reason why you should not strongly consider the recommendation which has been submitted to you—the State has suggested that in each of these cases it would consider a finding of imprisonment in the penitentiary for life as an adequate punishment, and the Court recommends that you give strong consideration to that recommendation * * *."

The statement quoted above was preceded by the following language in the court's oral charge:

> "* * * You are to consider the testimony you heard from this stand, and you are also to consider the fact that the prosecution of criminal cases in this State is lodged in the Office of the District Attorney, and if the District Attorney has made a recommendation, you are not bound to accept any recommendation—we can't tell a jury what it has to do; * * *"

And the statement of which counsel for appellant complains was followed by the following statement of the trial court:

> "* * * However, the verdict must be yours, and under the statute you are authorized to return an amount anywhere from ten years up to life in the penitentiary, or it's within your discretion to return the death penalty."

In the first place, there was no exception taken to the court's oral charge. If an exception had been taken to that part of the oral charge of which counsel for appellant complains here, we do not think it would have been well taken. It is our view that the trial court was simply stating to the jury, in effect, that the District Attorney and counsel for appellant had agreed that life imprisonment would be adequate punishment for the offenses charged in the indictments and to which the appellant had pleaded guilty. When the oral charge of the trial court is considered in its entirety, it is not subject to the criticism that the trial court was interested in doing more than suggesting that the jury give consideration to the agreement which had been entered into by the District Attorney and counsel for the defendant. We feel that the remarks of the trial court of which complaint is made by counsel for appellant were designed to work to the benefit of appellant rather than to his detriment. Those remarks, we think, were designed to impress the jury with the fact that the District Attorney did not feel that the death penalty should be imposed in either of the cases on trial.

The judgments of the trial court are affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.