228 So.2d 266 (1969)
Gerald Henry IRVING, Jr.
v.
STATE of Mississippi.
No. 45665.
Supreme Court of Mississippi.
November 17, 1969.
Rehearing Denied December 8, 1969.
Ebb J. Ford, Jr., Gulfport, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is the second time this cause has come before us for attention. The present case is an appeal from the Circuit Court of Harrison County, Mississippi, where the *267 defendant was tried on May 15, 1969, on the question of punishment only for the murder of Mrs. Hazle K. Nixon and found guilty by the jury. Appellant was sentenced to be put to death on June 20, 1969, unless the sentence was suspended by appeal. The facts as reflected by the evidence in this trial, on the question of punishment, are substantially identical with the facts which were presented by the State of Mississippi in the case of Irving v. State, 192 So.2d 686 (Miss. 1966), and therefore will not be reviewed herein. The facts in that case conclusively show the appellant to have been found guilty of an atrocious murder. The conviction thereof was affirmed by the Fifth Circuit Court of Appeals. Irving v. Breazeale, 400 F.2d 231 (5th Cir.1968). It is essential that the procedural steps taken in these causes be reviewed.
The original indictment of the appellant for murder was on December 12, 1966. This Court affirmed the conviction in Irving v. State, supra. Following this affirmance a petition for writ of error coram nobis was filed in this Court and was denied on January 18, 1967. Irving v. State, 194 So.2d 239 (Miss. 1967). Subsequent thereto appellant filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Mississippi asserting that his conviction was obtained in violation of his fifth, sixth and fourteenth amendment rights of the United States Constitution. The United States District Court denied the relief sought by appellant's petition on March 13, 1967, in Irving v. Breazeale, 265 F. Supp. 116 (S.D.Miss. 1967), and the appellant perfected an appeal to the United States Court of Appeals for the Fifth Circuit, which court on August 27, 1968, rendered its opinion affirming the judgment of the United States District Court's denial of the petition for relief as it relates to his conviction, but remanded the case to the United States District Court with directions for determination of the question of whether or not the principles had been complied with in the selection of the jury proceedings in capital cases as outlined in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).
On October 4, 1968, the United States District Court for the Southern District of Mississippi, in compliance with the mandate of the Fifth Circuit Court of Appeals, entered an order styled "Order Remanding to State Court" providing as follows:
By virtue of and pursuant to and in accordance with the mandate of the United States Court of Appeals for the Fifth Circuit in this case, pursuant to its opinion in this case appearing on docket as No. 24,606 dated August 27, 1968, it is ordered that the Circuit Court of Harrison County, Mississippi, and any other court of appellate jurisdiction be, and such state courts are hereby reinvested with full power and authority to reexamine its death penalty sentence in the case of State of Mississippi v. Gerald Henry Irving, Jr., (also designated as Gerald Henry Irving) on the docket of said court, as affirmed by the Mississippi State Supreme Court in Irving v. State, 192 So.2d 686, for its determination on the facts as presented on the question as to the validity of the death sentence in that case on the principle announced by the Supreme Court of the United States in William C. Witherspoon v. State of Illinois [391 U.S. 510], 88 S.Ct. 1770 [20 L.Ed.2d 776]. Jurisdiction is vested in any proper state court having jurisdiction where Gerald Henry Irving, Jr., may immediately file and diligently prosecute to prompt conclusion proper proceedings for a determination by such state court as to the validity of the death sentence in this connection under the facts and circumstances at the original trial of the case in the state court on the limited question indicated.
The record discloses that on October 11, 1968, the appellant filed a petition for leave to file a petition for writ of error coram nobis in this Court, and on January *268 15, 1969, the petition was sustained and order entered granting the filing of the petition for writ of error coram nobis.
On May 5, 1969, the Circuit Court of Harrison County, Mississippi, held an evidentiary hearing on the petition for writ of error coram nobis and in accordance with the guidelines and rules of law set forth in Witherspoon v. Illinois, supra, the trial court found from the evidence that at least four jurors had been excused from the venire drawn for the original trial because they had expressed conscientious scruples against the imposition of the death penalty. The record discloses that their excusal was not in accordance with the rules established in the case of Witherspoon v. Illinois, supra, and the circuit court properly entered an order granting the appellant a new trial restricted to the question of penalty only under the mandate of the United States Fifth Circuit Court of Appeals.
On May 14, 1969, the new trial commenced and the State of Mississippi, after a jury had been meticulously selected under and in accordance with the rules of law and guidelines as set forth in Witherspoon v. Illinois, supra, presented its evidence. The evidence to be considered solely by the jury in determining the punishment of appellant was substantially identical with the evidence which was presented by the State of Mississippi in the original case of Irving v. State, 192 So.2d 686 (Miss. 1966), and therefore will not be reviewed here except as to the introduction of photographs. The appellant offered no evidence in his own behalf. The jury was properly instructed that the appellant had been previously adjudged to be guilty of the murder of Mrs. Hazle K. Nixon and that their sole duty was to determine from the evidence what punishment the appellant should suffer for his crime.
On May 15, 1969, the jury returned the following verdict: "We, the jury, fix the defendant's punishment at death." On that date a final judgment was entered sentencing the appellant to be executed unless the judgment is appealed. Appellant filed a motion for a new trial on May 19, 1969, which was overruled. From that judgment and sentence the appellant appeals.
Although the appellant failed to comply with the requirements of Rules 6 and 7 of this Court in that he did not expressly designate and argue in his brief the assignments of error which he feels require a reversal of this cause, we will nevertheless consider in this opinion all errors which we feel merit consideration, since the death penalty is involved.
The first error urged by appellant is that the imposition of the death penalty is in conflict with the rule of law announced in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), and may be in conflict with the decision to be handed down by the United States Supreme Court in Maxwell v. Bishop, an Arkansas case which has been pending for some time before the United States Supreme Court and reported in 236 Ark. 694, 370 S.W.2d 113 (1963); D.C., 257 F. Supp. 710 (1966); 8 Cir., 398 F.2d 138 (1968).
Under the Maxwell v. Bishop case, appellant inquires:
1. "Did Arkansas' practice of permitting the trial jury absolute discretion, uncontrolled by standards or direction of any kind, to impose the death penalty, violate due process?"
2. "Did Arkansas' single verdict procedure, which required the jury to determine both guilt and punishment simultaneously and further require a defendant to choose between presenting mitigating evidence on the punishment issue or maintain his privilege against self-incrimination on the guilt issue violate the Fifth and Fourteenth Amendments of the United States Constitution?"
Insofar as the effect of the rule of law announced in United States v. Jackson, supra, is concerned, we note that the appellant *269 failed to designate which particular rule of law or the application thereof is concerned in the case at bar. Appellant states:
As to the imposition of the death penalty, appellant does call to the attention of this Honorable Court the recent decision of the United States Supreme Court, being the case of United States versus Jackson, decided April 8, 1968, and appearing at 88 S.Ct. page 1209, and also reported at 390 United States Report (sic) page 570. That case involved the applicability of the death penalty provision of the federal kidnapping act (sic). The Opinion (sic) is by Mr. Justice Stewart; and pertinent parts are as follows:
The appellant quotes extensively from the opinion.
The rule of law as set forth in United States v. Jackson, supra, has no application to the case at bar. The Federal Kidnapping Statute as interpreted and discussed in United States v. Jackson, supra, was distinguished in application from Mississippi Code 1942 Annotated section 2217 (1956) in the case of King v. Cook, 211 So.2d 517 (Miss. 1968).
Mississippi Code 1942 Annotated section 2217 (1956) provides as follows:
Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 [Code of 1930; § 2536, Code of 1942] in which case the court shall fix the punishment at imprisonment for life.
This Court, speaking through Chief Justice Ethridge, distinguished the rule of law in the Federal Kidnapping Act from our Mississippi Code 1942 Annotated section 2217 (1956) in the case of King v. Cook, supra, in the following language:
Under the Federal Kidnaping Act, if a defendant enters a plea of guilty he is assured that he cannot be put to death but will suffer imprisonment for life or a term of years. It has no procedure for imposing the death penalty upon a defendant who waives the right to jury trial. Thus the Court stated that the act's effect is to discourage assertion of the fifth amendment right not to plead guilty and to deter exercise of the sixth amendment right to demand a jury trial.
On the other hand, under Mississippi Code section 2217 an accused entering a plea of guilty to a charge of murder is not assured of not receiving the death penalty. Dickerson v. State, 202 Miss. 804, 32 So.2d 881 (1947) held that a trial judge cannot be compelled to accept a plea of guilty in a capital case and pronounce a sentence less than death. A death sentence is within the sole province of a jury. (211 So.2d at 519.)
Assuming that the appellant contends that under the rule in the Jackson case the death penalty cannot be inflicted in the case at bar, we hold that it is without merit for the foregoing reasons. Insofar as Maxwell v. Bishop, supra, is concerned, this Court has never and will not now conjecture as to what the United States Supreme Court will do in any case. Furthermore, this appellant was indicted for the crime of murder under Mississippi Code 1942 Annotated section 2454 (1956). In Maxwell v. Bishop, supra, the defendant was indicted under an Arkansas statute for rape. Until the United States Supreme Court has reviewed the Arkansas statute we will not attempt an evaluation or comparison with the statute of Mississippi relating to murder. In this regard it should be remembered that the State court is under the mandate of the United States Fifth Circuit Court of Appeals and the United States District Court for the Southern District of Mississippi. For the foregoing reasons we hold that appellant's rights have not been violated under the fifth and fourteenth amendments as urged by appellant *270 and there is no merit in this assignment of error.
The appellant's brief completely fails to substantiate his assignment of error No. 10 wherein appellant urges that the trial court erred in overruling appellant's objection to the introduction of two nude torso photographs of the deceased, being exhibits numbered M and N. We hold that there is no merit in appellant's contention that this constitutes reversible error. In the case of May v. State, 199 So.2d 635 (Miss. 1967), the Mississippi rule of law with reference to the introduction of photographs is succinctly stated. Speaking through Justice Henry Lee Rodgers, this Court pointed out:
As a general rule, the fact that a photograph of deceased in a homicide case might arouse the emotions of jurors does not of itself render it incompetent in evidence so long as introduction of the photograph serves some legitimate, evidentiary purpose. Slyter v. State, 246 Miss. 402, 149 So.2d 489, 150 So.2d 528 (1963); Stokes v. State, 240 Miss. 453, 128 So.2d 341 (1961); Price v. State, 54 So.2d 667 (Miss. 1951); Hancock v. State, 209 Miss. 523, 47 So.2d 833 (1950). (199 So.2d at 640.)
In that case it was pointed out that the introduction of gruesome photographs which "have no useful evidentiary purpose, and which only arouse the passion and prejudice of the jury, should not be permitted to go to the jury. It is within the sound discretion of the trial judge to determine whether or not the photographs have a legitimate, evidentiary purpose. Martin v. State, 217 Miss. 506, 64 So.2d 629 (1953); Coleman v. State, 218 Miss. 246, 67 So.2d 304 (1953); 20 Am.Jur. Evidence §§ 728, 729, 730 (1939); 23 C.J.S. Criminal Law § 852(1)c, at p. 352 (1961); Annot. 159 A.L.R. 1413 (1945)." In the photographs in the case at bar there is no designation thereon or presentation of a scene or arrangement of persons or objects falling within an undesirable presentation known as a "tableau vivant" which pictorial tableaus this Court has held are not admissible in evidence. Buie v. State, 217 Miss. 695, 64 So.2d 897 (1953); Fore v. State, 75 Miss. 727, 23 So. 710 (1898). We hold that the trial court did not abuse its sound discretion and that the photographs had a legitimate evidentiary purpose and could be properly considered by the jury.
Appellant in his brief urges that he was denied a jury of his peers because the State, exercising its peremptory challenges, was able to exclude all Negroes from the jury panel which tried the case. In Shinall v. State, 199 So.2d 251, suggestion of error overruled (Miss. 1967), cert. denied 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967), we pointed out that the State is not required to accept jurors simply because they belong to the same ethnic group as the defendant. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).
The appellant in a former trial has been found to have committed the atrocious crime of murder and now has been sentenced to death. We conclude that the evidence in this case justifies the death penalty fixed by the jury. The propriety of the death penalty as a punishment and a deterrence of crime has stood the test of time. Since the dawn of civilization man in his varying systems of self-regulation through the ages has enforced the death penalty upon persons convicted of treason, of murder and of other abominable crimes.
It follows, for the reasons that have been hereinabove delineated, that there is no merit in appellant's final contention urged in his brief that the Circuit Court of Harrison County erred "in not granting to him a full trial in May 1969 upon all issues, and that he has been confined to the narrow issue of punishment before a new jury." The appellant urges that this "is not the tenor of the Witherspoon v. Illinois decision."
*271 This Court, speaking through Presiding Justice Robert G. Gillespie, has previously ruled on this point in Rouse v. State, 222 So.2d 145 (Miss. 1969), wherein it is stated:
There is no constitutional inhibition against severing the issues of guilt and punishment. This is implicit in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); and Irving v. Breazeale, 400 F.2d 231 (5th Cir.1968).
Every murder case involves two basic issues, guilt and punishment. The applicable statutes are Mississippi Code 1942 Annotated Section 2217 and 2536 (1956) which are as follows:
Section 2217. Every person who shall be convicted of murder shall suffer death, unless the jury rendering the verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by section 1293 [Code of 1930; § 2536, Code of 1942] in which case the court shall fix the punishment at imprisonment for life.
Section 2536. In any case in which the penalty prescribed by law upon the conviction of the accused is death, except in cases otherwise provided, the jury finding a verdict of guilty may fix the punishment at imprisonment for the natural life of the party; and thereupon the court shall sentence him accordingly; but if the jury shall not thus prescribe the punishment, the court shall sentence the party found guilty to suffer death, unless the jury by its verdict certify that it was unable to agree upon the punishment, in which case the court shall sentence the accused to imprisonment in the penitentiary for life.
The statutes make no provision for the determination of the penalty when the accused enters a plea of guilty, or in a situation arising under Witherspoon where there is no other error requiring reversal as to the issue of guilt.
The question is whether it is lawful for a jury other than the one finding the verdict of guilt to determine whether the punishment in a murder case shall be death or life imprisonment. In a dictum this Court said in Dickerson v. State, 202 Miss. 804, 32 So.2d 881 (1947) that a jury could assess punishment where guilt was determined by a plea of guilty. In Yates v. State, 251 Miss. 376, 169 So.2d 792 (1964) and in the second appeal Yates v. State, 253 Miss. 424, 175 So.2d 617 (1965) this Court approved the practice of submitting the issue of punishment to a jury after acceptance of a plea of guilty. These cases and Irving v. Breazeale, supra, make it clear that guilt and punishment are severable even though the statutes provide for "the jury rendering the verdict" to fix the punishment. We are of the opinion that the words "the jury rendering the verdict" contained in the statutes concerning imposition of the death penalty were not intended to require the same jury that determined guilt to fix the punishment where the accused pleads guilty or he successfully raises the Witherspoon rule.
When this Court reached the Yates cases, it applied Sections 2217 and 2536 to the situation where the accused entered a plea of guilty. It would be impossible for "the jury rendering the verdict" as to guilt to determine the question of punishment where the plea of guilty is accepted. The statute does not say that the same jury that rendered the verdict of guilty shall also determine the question of punishment.
When Sections 2217 and 2536 were enacted the legislature could not have contemplated what the procedure should be *272 in a case punishable by death or life imprisonment when the jury rendering the verdict of guilty was unconstitutionally drawn as to punishment but not as to guilt. It is necessary, therefore, that this Court apply the problems arising under Witherspoon to the practice established by the statutes and the former decisions of this Court. Since the appellant's guilt in this case has been lawfully determined and only the question of punishment remains, it is unnecessary to relitigate the question of guilt. The accused is not entitled to another trial on the issue of guilt and it would serve no purpose.
In Ellison v. State, 432 S.W.2d 955 (Tex.Cr.App. 1968) the Court reached a result contrary to what we here decide. The Texas statute provides "the punishment shall be assessed by the same jury." Vernon's Texas Statute Annotated, Art. 37.07 (Supp. 1968-69). We have no such provision in our statute. In the recent case of Massey v. Smith, 224 Ga. 721, 164 S.E.2d 786 (1968) the Court affirmed the verdict and judgment of conviction for rape and under the authority of Witherspoon reversed with the direction that the trial court empanel a jury for the submission (sic) to it of the sole question of punishment. The Georgia statutes are substantially the same as our Sections 2217 and 2536.
There is no reason why a hearing to fix punishment alone should present procedural difficulties. Yates v. State, supra.

It would have been a futile act on the part of the trial judge to have ignored or violated the express holding of the Fifth Circuit Court of Appeals and the United States District Court. Likewise, it would be futile for the writer of this opinion, who dissented in Rouse v. State, supra, to again urge the grounds upon which the dissent was based.
For these reasons, the judgment of the Circuit Court of Harrison County is affirmed, and Friday, the 2nd day of January, 1970, is hereby fixed as the date for the execution of the sentence and the infliction of the death penalty in the manner provided by law.
Affirmed and Friday, January 2nd, 1970, set for date of execution of death sentence.
All Justices concur.