Doris Brown Wall appeals from a conviction of murder and a life imprisonment sentence by the Circuit Court of Walthall County. We affirm.
This is her second appeal. On her first appeal from a conviction of murder, we reversed and remanded. Wall v. Brown,379 So.2d 529 (Miss. 1980).
Our first opinion contains an adequate and accurate summary of the same evidence which was brought out in her second trial, and no necessity exists for again detailing the facts.
Mrs. Wall's first assignment of error is that the verdict of the jury is against the overwhelming weight of the evidence.
As stated in our first opinion, this is a bizarre case. In 1977 Mrs. Wall owned a roadhouse in Kentwood, Louisiana, known as the "Tick-Tock Lounge," or "Doris' Place." On the same premises were the dwelling house of Mrs. Wall and a trailer. Leroy Dillon, a thirteen year old boy, lived in the trailer with his grandparents and an uncle. This boy, mostly unsupervised, spent much of his time in Mrs. Wall's home playing with her son (nine years old) and loitering in her place of business, playing pool *Page 1015 
and occasionally drinking beer. Leroy sometimes referred to Mrs. Wall as "Mom".
On Friday night, December 30, 1977, Leroy murdered Alvin Randall just outside the victim's home, six miles north of Tylertown and approximately thirty miles from Kentwood. Randall's wife, Erma, had picked up Leroy at Mrs. Wall's place of business that afternoon and let him out just before they reached the Randall house, where he hid in the bushes.
Pursuant to plan, Erma Randall placed a shotgun outside the house for Leroy to use. At some time after dark, Leroy slammed the car door of a car parked in the yard, and when Mr. Randall came outside to investigate, Leroy shot and killed him. The blast was at such close range that the wadding from the shell penetrated Mr. Randall's chest along with the pellets.
Erma Randall then drove Leroy to the Tick-Tock Lounge where they left the shotgun — according to them — with Mrs. Wall to dispose of it in a river nearby, and Leroy threw the empty shell in the grass across the highway. The shotgun shell was of an unusual, foreign manufacture.
Leroy and Erma Randall both testified that the plan and direction for this murder had been furnished by Mrs. Wall. Mrs. Wall, however, denied having any part or knowledge whatsoever in the slaying.
We have carefully reviewed this record with special caution, in view of its statistical as well as human improbability, and due to the fact that the only direct evidence of Mrs. Wall's guilt came from the two confessed participants.
We commend counsel for Mrs. Wall upon their eloquent and persuasive brief on this assignment, but our review convinces us that the jury had ample evidence upon which to reach a verdict of guilty. Under lengthy direct examination and skillful, exhaustive cross-examination, both Leroy and Erma Randall gave testimony which the jury had a right under the law to believe. The weight of Mrs. Wall's testimony and her alibi witnesses were also for the jury to consider. We cannot, as an appellate Court, state that the jury verdict was against the overwhelming weight of the evidence.
The second assignment of error was the giving of the following instruction to the State:
 The Court instructs the jury that aiding and abetting involves some participation in the criminal act, and this may be evidenced by some word, overt act or deed.
This instruction contains a correct statement of the law, but because it is abstract, Mrs. Wall complains that it is reversible error to give it.
This assignment completely overlooks the court's instructions to the jury to consider the instructions as a whole, and not to single out one instruction. Instruction C-5 given by the circuit judge charged the jury that they must believe beyond a reasonable doubt from the evidence that Mrs. Wall, ". . . with malice aforethought arranged for, counseled, or commanded Leroy Dillon to wilfully, unlawfully and feloniously with malice aforethought kill and murder . . . Alvin Randall . . .," before they could be justified in returning a guilty verdict. The jury, therefore, could not have been misled by this one abstract instruction.Carter v. State, 169 Miss. 285, 152 So. 876 (1934); Harper v.State, 83 Miss. 402, 35 So. 572 (Miss. 1904).
We are constrained to add as a caution to prosecuting attorneys that there appears to be no necessity for the above instruction. When the circuit judge has adequately instructed a jury on all the points of law involved in a case, the State should eschew a needless risk of reversal by adding pure surplusage or repetitious instructions.
The remaining assignment of error worth noting was the admission into evidence of a photograph of Leroy and an officer showing Leroy pointing to the empty shell found in the grass. The testimony pertaining to the admission of this photograph was that the officers went across the highway from Mrs. Wall's lounge and searched for the empty shell. When one of the officers located it, he pointed it out to Leroy, who identified it as the shell. Then, *Page 1016 
without picking up the shell, a picture was taken of the officer and Leroy, with Leroy pointing to it. Leroy was wearing the black jacket he wore when he killed Mr. Randall.
The appellant now complains that this picture is in the nature of a tableaux vivant (a "living picture"), condemned in May v.State, 199 So.2d 635 (Miss. 1967); Buie v. State, 217 Miss. 695, 64 So.2d 897 (1953); Martin v. State, 217 Miss. 506,64 So.2d 629 (Miss. 1953); and Fore v. State, 75 Miss. 727, 23 So. 710 (1898). These cases disapprove pictures depicting reconstructed versions of a crime or scene, in order to bolster a witness' testimony on disputed facts.
Clearly a picture of nothing more than the shell lying in the grass, where it had been found by the officer, would have been admissible. As it lay there, it constituted actual evidence of a part of the crime. Furthermore, there is no dispute about this being the spent shell, that Leroy had thrown it there, or that he was wearing a black jacket when he killed Mr. Randall. The mere fact that this photograph shows Leroy in the black jacket pointing to the shell did not prejudice the jury against Mrs. Wall. She denied having any participation or knowledge whatsoever about Leroy's criminal conduct.
This was not a tableaux vivant in any event, as defined in our cases; however, there would have been some question of the propriety of this photograph, showing Leroy pointing to theempty shell, had there been any dispute on the particular fact of Leroy throwing the shell into the grass.
This case was fairly presented by the State under the supervision of a restrained, courteous and manifestly able circuit judge. No reversible error has been committed, and the judgment of conviction is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, DAN M. LEE and DARDEN, JJ., concur.