PRATHER, Justice,
dissenting:
I respectfully dissent from the majority.
Malice is the single most important element of murder. Patterson v. State, 289 So.2d 685 (Miss.1974); Pendergraft v. State, 213 So.2d 560 (Miss.1968); Pitts v. State, 241 So.2d 668 (Miss.1970). The state in its brief conceded that there was no hard evidence of malice. No one saw the shooting occur other than the defendant; nor could anyone testify at trial to the defendant’s state of mind.
The theory of the defendant is that while trying to protect himself, he knocked or twisted the decedent’s hand which resulted in the gun’s discharge. Defendant’s testimony at trial although inconsistent in some details with the statement he gave Sheriff Jones is not inconsistent with respect to how the shooting occurred. Both stories indicate the gun discharged while he was trying to move the gun away from him.
No one was in the house besides the defendant and decedent other than a baby girl. The defendant was asleep when Rushing left and was awakened by the cocking sound of a gun being held by the decedent. There was no testimony that defendant and decedent had been fighting or otherwise had ill feelings toward each other. In fact, the defendant testified that he left the house that day to get breakfast for the decedent since he had forgotten to get her something for Valentine’s Day the preced *116 ing day. No one testified that the homicide was deliberate. The pathologist stated that the wound was consistent with defendant’s testimony.
There is no malice shown by the evidence; therefore, the defendant could not be guilty of murder. We believe that the trial judge should have granted the peremptory instruction as to murder and should have limited the jury’s consideration to the theories of manslaughter or innocence. Bergman v. State, 160 Miss. 65, 133 So. 208 (1931); Bangren v. State, 196 Miss. 887, 17 So.2d 599 (1944); Cutrer v. State, 207 Miss. 806, 43 So.2d 385 (1949); Coleman v. State, 218 Miss. 246, 67 So.2d 304 (1953); Jordan v. State, 248 Miss. 703, 160 So.2d 926 (1964); Wells v. State, 305 So.2d 333 (Miss.1975).
I, therefore, would reverse the murder conviction and remand for sentencing on manslaughter. The authority for this action is well established. Wells v. State, 305 So.2d 333 (Miss.1975).
DAN M. LEE, J., joins this dissent.